THOMAS, Justice.
From the record in the present case it appears that an employee was working as a part-time welder and sometime truck driver for petitioner, Central Welding and Iron Works, for $23.60 a week, and that during the employment he was killed. During that period he was a regular full-time employee of Southern Bakeries Company at a weekly wage of $133.29 which he was paid for comparing orders received by the company with merchandise of the company put upon trucks by salesmen for delivery to customers.
In fixing the compensation which should be paid to the dependents of the unfortunate workman, &e deputy commissioner combined the wages and based the award on the sum of $156.89. He ordered Central Welding Company through its carrier, Zurich Insurance Company, to pay the amount calculated on this basis and also to pay a sizable attorney’s fee.
The Full Commission affirmed the action of the deputy and the matter came here by petition for certiorari so we are faced with answering the question whether or not the deputy, and, in its turn, the Commission used a proper foundation for the award.
The briefs of petitioners and respondents have proved most helpful in making known to this court their respective positions and in developing the various aspects of the problem, but much of the force of their expositions has been sapped because, meanwhile, this court has decided the underlying principle in the case of Murphy & Son, Inc. v. Gibbs et al., Fla., 137 So.2d 553. We hasten to say that the petitioners’ main brief and respondents’ brief were filed before the release of that opinion and that the petitioners’ reply brief was filed only two weeks after, doubtless before the petitioners knew of the opinion.
*877 In the cited case the person injured had worked in the afternoons and evenings during the school period, and full-time during the summer recess, for J. J. Murphy & Son, Inc., the petitioner there, operating a binding machine, and had worked in the mornings and early afternoons during the school year for the respondent-school board in cafeteria preparing salads and operating an electric meat slicer, cash register and chopping machine. From the former, the employee received $50 in weekly wages and from the latter $20. Injury occurred when the workman’s arm and hand were struck by the head of the binding machine.
The deputy commissioner computed compensation on the basis of total wages amounting to $70 thus presenting to the commission and eventually to this court the propriety of lumping the wages from the two jobs as a basis for computing compensation payments.
During a thorough discussion of the point involved and analyses of subsections (1), (3) and (5) of Sec. 440.14, Florida Statutes 1959, F.S.A., to which the court referred as the source afforded by the legislature for an answer to the question, the court stressed the language in subsection (1) defining the relevant employment as that in which the employee was engaged “at the time of the injury, whether for the same or another employer * * The court commented that these words clearly indicated that only those wages earned in the “same type * * of work” as that engaged in at the time of the injury “whether for one or more employers, should be used in arriving at * * ‘average weekly wages’ ” under the act. Had such not been the intention of the legislature, thought the court, it would have been quite simple to have stated that the sum of the wages in such instances should be utilized to fix the rate of compensation.
The court held that on sameness or similarity of two or more employments hinged the right to consolidate incomes for the calculation of benefits. And the court concluded that the employments here briefly described did not possess the qualities of sameness or similarity justifying consolidation for the purpose of arriving at the amounts of benefit to be allotted.
So in the cited case we decided, for the first time, that there could properly be a combination of wages for the computation of compensation benefits only if the employee’s services were the same or similar. This seems to be the majority view of the courts of this country and it appears that were it not for the view of the Supreme Court of Maine it would be the unanimous opinion. And Mr. Larson in his estimable work on the subject says that that State seems to be the only one in which earnings from “concurrent dissimilar occupations can be cumulated * *
It may occur to a reader that a conclusion that the earnings from diverse employments may not be consolidated to fix the amount of benefits works unfairness to the workman because he is compensated disproportionately to his personal loss. But the opposite position is not without merit for, as Mr. Larson observes “ * * * it can be argued that it is unfair to one employer, his carrier and his industry to burden them with a liability, out of proportion to [the] payroll and premium computed thereon, arising from a risk not associated with his type of employment.” This distinction becomes exceedingly dim when differentiating between occupations similar and dissimilar for in either event the same inequality would be present. Pursuing the subject Mr. Larson concludes that the objection must spring from the thought that one industry should not carry the burden of injury to a person concurrently engaged in another industry.
We are not unaware of the hardship that would result were a workman, who had been forced to follow two unlike vocations in order to provide for his family, so injured in one of them that his income in the one would be greatly reduced, while the income from the other would be entirely lost.
Consideration of possible combinations of employment leads us to the conclusion that each case must be determined on its own facts and that this rather unsatisfactory *878 treatment can he eliminated and accuracy substituted by legislative act. We have only undertaken to give to the law the construction we think the legislature meant for it.
We were confronted in the cited case with a choice and we determined that there could not be a consolidation of income unless concurrent employments were similar. We do not recede from that position.
Adverting to the facts in the immediate case, we have the view that there was as much dissimilarity as in the cited one, so the order of the Full Commission affirming the order of the deputy is quashed with directions that the cause be remanded to the deputy with directions to proceed accordingly.
TERRELL, Acting C. J., CALDWELL, J., and GOLDMAN Circuit Judge, concur.
DREW, J., dissents.