THORNAL, Justice.
We have for review an order of the Florida Industrial Commission which affirmed an order of a deputy commissioner awarding certain compensation benefits.
We must decide whether the “average weekly wage” of an employee who is paid by commissions which fluctuate in amount, but who has worked full time, is determined by the amount of commissions paid, during the 13 weeks immediately preceding the injury.
Claimant Waymire suffered a compensa-ble back injury on September 26, 1960. He was paid certain benefits which he did not consider sufficient. He filed claims for additional benefits which resulted in the order under review.
Waymire was a salesman of kitchen cabinets and equipment. He was paid week■ly by commissions based on the sale of merchandise delivered. The commissions were not paid until delivery which often occurred some considerable time after the sale. In the year 1957, the employer, Andrews, paid the claimant commissions in the amount of $6,070. In 1958, the commissions amounted to $5,600. In 1959, they totaled $6,050. For each of these three years the claimant’s average weekly earnings from commissions approximated $100. For the 13 weeks immediately preceding the injury, the claimant was paid commissions in the amount of $730 for an average of $56.12 per week. Under the ar *406 rangement with the employer the claimant had the privilege of a drawing account against commissions up to $75 per week. He did not “make a draw” during the critical 13 week period. The deputy commissioner considered himself bound by the specific language of Section 440.14(1), Florida Statutes, F.S.A. He held that the claimant’s average weekly wage should he calculated on the basis of the amount which he had received during the 13 weeks immediately preceding the injury. In fixing permanent partial disability he found a 20% impairment of wage-earning capacity. The Full Commission affirmed. We now have this order for review.
The claimant contends that, because of the fluctuating nature of his weekly commissions and his three-year earning history, the deputy should have held that Section 440.14(1) could not be “reasonably and fairly” applied. In lieu thereof, he asserts that “the full-time weekly wages” formula of Section 440.14(3), Florida Statutes, F.S.A., should have been invoked. He insists that, at least, the deputy should be required to find that Section 440.14(1), supra, could be reasonably and fairly applied, when a claimant contends that it could not be.
Section 440.14, Florida Statutes, F.S.A., provides that the average weekly wages of an employee “at the time of the injury should be taken as the basis upon which to compute compensation * * * ”
Section 440.14(1), supra reads:
“(1) If the injured employee shall have worked in the employment in which he was working at the time of the injury, whether for the same or another employer, during substantially the whole of thirteen weeks immediately preceding the injury, his average weekly wage shall be one-thirteenth of the total amount of wages earned in such employment during the said thirteen weeks.”
Section 440.14(2), Florida Statutes, F.S. A., provides that the wages of a similar employee shall be used as the basis if the injured employee has not worked during substantially the whole of 13 weeks immediately preceding his injury.
Section 440.14(3), supra, then provides:
“(3) If either of the foregoing methods cannot reasonably and fairly be applied the full time weekly wages of the injured employee shall be used, except as otherwise provided in subsections (4) or (5) of this section.”
The language of Section 440.14 (1), supra, seems quite clear and requires. no application of rules of statutory construction. The Legislature has established' “the average weekly wage”, as the basic unit for determining the amount of compensation. By Section 440.14(1), supra, it. has provided a method for arriving at the amount of the average weekly wage. If this method of calculation is factually available then it should be followed. In effect, the Legislature has prescribed that the method fixed by Section 440.14(1) is itself reasonable and fair when the facts before-the deputy fit the pattern cut by the Legislature.
The “concurrent similar employee” meth-. od provided by Section 440.14(2), supra,, is to be used when the 13 weeks method, cannot be made applicable to the facts.
If neither method can be applied, then, the reasonable and fair standard of full-time weekly wages under Section 440.14(3), may be used. For example, if an employee-has not worked substantially all of the preceding 13 weeks, and there is no concurrent similar employee, then the deputy may find that the methods prescribed by Sections 440.14(1) and 440.14(2), cannot reasonably and fairly be applied. With this finding he proceeds to apply “the full-time”' weekly wages rule of Section 440.14(3),. supra. The respondent Commission has. administratively defined the phrase “sub *407 stantially the whole of 13 weeks.” Rule No. 15(a), Florida Industrial Commission.
Any different application of the statute would permit a deputy to disregard the specific requirements announced by the Legislature and substitute his own judgment as to what is reasonable and fair in every case. When the legislatively defined standards are met, then the legislatively prescribed rule should be applied.
In this instance, because the particular 13 weeks immediately prior to injury appeared to be a “slack period”, the average weekly wage of claimant Waymire is not as high as if his injury had occurred at some other time. On the other hand, conceivably it would have been higher if the injury had occurred at some other season. The fact remains that the Legislature has prescribed this particular 13 week period as the compensation rate base. We agree with the deputy and Full Commission when they held that it should be applied. It is not necessary that the deputy find that the compensation rate base is reasonable and fair. The Legislature itself has in effect already announced that it is. The discretion of the deputy does not enter the picture unless the specific standard fixed by the Legislature cannot otherwise be met. Adams v. Florida Industrial Commission, et al., Fla.App., 110 So.2d 455, appeal dismissed, Fla., 115 So.2d 417.
When Section 440.14(3), supra, is brought into play the deputy should specifically find as a condition that the other methods cannot “reasonably and fairly” be employed. Miami Beach Awning Co. v. Socalis, Fla., 129 So.2d 414. The case last cited illustrates our point. In Socalis the deputy expressly found that the employee, through no fault of his own, had worked only part time during the critical 13 weeks. Further, he found that there was no similar employee who had worked full time. He expressly found that Sections 440.14(1) and 440.14(2) could not reasonably and fairly be applied. He thereupon took the hourly rate of pay and applied it to a standard 40-hour work week to ascertain the full-time weekly wages. Socalis is not a precedent which requires that in every instance the deputy must expressly find that the method which he employs is reasonable and fair.
In Dixon v. Mills Pipeline, Inc., Cert. Den., Fla., 159 So.2d 650, the Industrial Commission itself announced the same application of the subject statutes.
We find that the order of the deputy was supported by competent substantial evidence- and further, that there has been no deviation from the essential requirements of the law. The petition is, therefore, denied.
It is so ordered.
THOMAS, Acting C. J., and O’CON-NELL, CALDWELL and ERVIN, JJ., concur.