THORNAL, Chief Justice.
We are asked to review a decision by the Florida Industrial Commission which reversed an order of a deputy commissioner involving a determination of the employee’s “average weekly wage”.
Our problem is to select the proper section of the Workmen’s Compensation Law applicable to a determination of the Claimant’s “average weekly wage” under the facts reflected by the record.
Claimant Jimmy Jackson was regularly employed by City Ice Company as a service mechanic and “ice puller”. He had been so employed for about twelve years. At the time of his injury, he worked 48 hours per week at the rate of $1.61 per hour. On October 5, 1963, he was employed for one day by petitioner Jones Shutter Products, Inc. He was to help install hum-ean shutters in preparation for hurricane “Donna”. He was to be paid $1.25 per hour for this work. While so employed, he was blown from a ladder. He sustained injuries which rendered him totally disabled for a period beyond the date of the deputy’s hearing on May 4, 1964. The parties have stipulated that if the average weekly wage of a “similar employee” applies, it is an average rate of $1.00-$1.25 per hour.
The employer paid temporary total compensation for 17 weeks calculated at $1.25 per hour for 48 hours per week. Thereafter, this was reduced to the statutory minimum of $8.00 per week. The claim was for further temporary total benefits and a determination of the “average weekly wage”.
The deputy found Jackson to be a “part time employee” under Section 440.14(5), Florida Statutes, F.S.A. He found the “average weekly wage” to be $10.00 (8 hours at $1.25) and awarded benefits of $8.00 per week under Section 440.15(2) and Section 440.12(2), Florida Statutes, F.S.A.
On review the Full Commission vacated the deputy’s order. It held that Jackson could not be a “part time employee” under the'statutory definition of that term, Section 440.15(5), supra, but rather that his *478 "average weekly wage” should be computed by using either Section 440.14(2) or Section 440.14(3). It is this order which is here for review.
Certain aspects of Jackson’s situation should be noted: (1) his employment installing hurricane shutters was totally dissimilar from his employment as an “ice puller” and service mechanic; (2) he had not installed shutters during substantially the whole of thirteen weeks prior to injury; (3) there was an agreed hourly wage rate for “similar employees” in the injury-producing industry; (4) he had not adopted part time employment as his customary practice, nor was there any indication that he would have remained a part time employee during the period of disability.
We have held that the determination of the “average weekly wage” of an employee is governed by the several standards prescribed by Section 440.14, Florida Statutes, F.S.A. Waymire v. Florida Industrial Commission, Fla., 174 So.2d 404. When a factual situation in a given case fits a particular statutory standard, then the latter should govern to the exclusion of any quasi-judicial discretion to the contrary.
In the instant case, Section 440.14 (4), Florida Statutes, F.S.A., does not apply because the claimant was not a minor. Contrary to the view of the deputy, Section 440.14(5), supra, does not apply because Jackson was not a part-time employee within the statutory definition. J. J. Murphy & Son, Inc. v. Gibbs, Fla., 137 So.2d 553. In Gibbs, supra, we noted that Section 440.14(5), Florida Statutes, F.S.A., would not apply to an employee who was employed full time by one employer and in addition part time in a dissimilar employment. Part time employment was not his customary practice and there was no indication that he would have remained at part time employment during the period of disability.
Jackson had not “worked in the employment in which he was working at the time of the injury, whether for the same or another employer, during substantially the whole of thirteen weeks immediately preceding the injury.” Section 440.14(1), Florida Statutes, F.S.A. We hold that the length of employment prior to injury in a “concurrent” employment dissimilar from that producing the injury may not be combined with the time of employment in the injury-producing industry for the purpose of computing the time of employment under Section 440.14(1), supra. Thus, Section 440.14(1), supra, could not apply because of the dissimilarity between his ice plant employment and the injury producing employment,
Consequently, having eliminated subsections (1), and (4) and (5) of Section 440.14, supra, only subsections (2) or (3) could be applicable. In such cases we have held that subsection (2) is the proper section if its use is possible. Strickland v. Al Landers Dump Truck, Inc., 170 So.2d 445; Waymire v. Fla. Ind. Comm., Fla., 174 So.2d 404. Here the parties stipulated to the wages of a “similar employee” thus we can infer that there was such a person. We hold then that the proper basis for computing Jackson’s “average weekly wage” is Section 440.14(2), supra. On remand, the deputy need only determine the actual hourly rate within the stipulated limits and multiply it by the customary full-time hours of work per week in order to reach the average weekly wage. We need not consider Section 440.14 (3), Florida Statutes, F.S.A., the residual standard, because one of the specific statutory standards has been found applicable. Waymire v. Fla. Ind. Comm., supra.
In so holding, we do not overlook the conclusion of the deputy that the use of Section 440.14(2), supra, would render the distinction between similar and dissimilar concurrent employment “meaningless”. We do not understand this to be the case as there was no contention by claimant below, nor *479 is there one here, that he should he allowed to combine his earnings from both employments in computing his “average weekly wage”. If this were the case, we agree that it would not be proper as we have held in the past. J. J. Murphy & Sons, Inc. v. Gibbs, supra; Board of County Commissioners v. Alman, Fla., 156 So.2d 850; Central Welding and Iron Works v. Renton, Fla., 145 So.2d 876. We note that Linderman v. Kirkland’s Restaurant, Fla., 127 So.2d 888, relied on by respondent, did not involve concurrent dissimilar employments, but rather consecutive dissimilar employments.
In sum, we hold that (1) employment times in dissimilar concurrent employments are not to be combined in computing the length of employment for testing the applicability of Section 440.14(1), supra, and (2) Section 440.14(2), is the proper statutory basis for computing the average weekly wage in this case because of the stipulated existence of a “similar employee”. We also approve the holding in J. J. Murphy & Sons v. Gibbs, supra, that Section 440.14(5), is not to be applied in this factual situation.
The order of the Full Commission is approved insofar as it directs the use of Section 440.14(2), and the cause should be remanded to the deputy with directions to make findings as to the actual hourly wages of a similar employee within the stipulated limits and the customary full-time hours of employment per week to he used in computing the claimant’s “average weekly wage”.
It is so ordered.
DREW, O’CONNELL, CALDWELL and ERVIN, JJ., concur.