262 So.2d 193 (1972)
AMERICAN UNIFORM & RENTAL SERVICE and Shelby Mutual Insurance Company, Petitioners,
v.
Verle TRAINER and the Industrial Relations Commission, Respondents.
No. 40751.
Supreme Court of Florida.
May 3, 1972.
Rehearing Denied June 5, 1972.
Stephen W. Moran, of Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, for petitioners.
Israel Abrams, Miami, and Kenneth H. Hart, Jr., Tallahassee, for respondents.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to the Florida Industrial Relations Commission. The question presented is the proper method of determining under Florida Statutes § 440.14, F.S.A., the average weekly wage of an employee who holds concurrent but dissimilar part-time and full-time jobs and is injured in the course of his part-time employment.
Claimant, a 54-year-old man suffered an injury by accident in the course of his employment with American Uniform and Rental Service, petitioner herein, on January 17, 1969. As a result of the accident, claimant sustained a cerebral concussion, scalp laceration, multiple rib fractures, fractured left clavical and sprain of the neck and low back.
Prior to his accident with American Uniform & Rental Service, hereinafter referred to as American, and at the time of his accident, claimant was concurrently employed by American and by Master Plastics. Claimant was hired by American *194 to repair and rebuild machinery. He was employed by Master Plastics as a night foreman, whose duty it was to oversee the operators and operations of three plastic mold machines.
Claimant's employment with Master Plastics was full-time night employment from 4:00 p.m. to 12:00 p.m. His employment with American was part-time and he had only worked for two weeks at the time of the accident. His rate of pay at American was $2 per hour and he earned $36 the first pay period of one week and $65 the second pay period of one week with American. His pay at Master Plastics was $2.20 per hour or $88 each week.
The Judge of Industrial Claims found that claimant's two jobs were concurrent but not similar and therefore the wages could not be combined to give claimant a higher weekly wage under the authority of J.J. Murphy and Son, Inc. v. Gibbs.[1] The Judge of Industrial Claims also found that none of the methods of arriving at a proper average weekly wage under § 440.14(1), (2), (4), and (5), applied so that only § 440.14(3) would apply. That subsection of the act states that:
"If either of the foregoing methods cannot reasonably and fairly be applied the full-time weekly wages of the injured employee shall be used, except as otherwise provided in subsections (4) or (5) of this section."
The Judge of Industrial Claims found that claimant had an average weekly wage of $80 with American, based upon $2 per hour for a forty-hour week, making him entitled to a compensation rate of $48 per week. The Judge also found that claimant suffered a 25% permanent partial functional disability and a 40% permanent partial loss of future earning capacity.
The Full Commission affirmed per curiam without opinion.
In J.J. Murphy and Son, Inc.[2], this Court first enunciated the rule that wages in concurrent similar employments may be combined for the purpose of arriving at the average weekly wage under Florida Statutes § 440.14, F.S.A. In the J.J. Murphy case, claimant held one job working in the school cafeteria, as an employee of the Dade County School Board, preparing food and operating the cash register and another job, with a printing company, operating a machine which bound together invoice forms. Her two jobs were found to be dissimilar so that the wages could not be combined.
On re-examination of the J.J. Murphy case, we find that the frequently inequitable results arising from the rule of that case, prohibiting a combination of wages from concurrent dissimilar employment, are not required by Florida Statutes § 440.14, F.S.A., or any other section of the Workmen's Compensation Act.
If the injury occurring on the part-time job has disabled the employee from working at his full-time job, his capacity as a wage earner is impaired beyond the limits of his part-time job and his compensation should be based on the combined wages. The purpose of the Act is to compensate for loss of wage earning capacity due to work-connected injury. It is the capacity of the "whole man" not the capacity of the part-time or full-time worker that is involved.
We are aware of the arguments of "unfairness" to the employer and his carrier who may be called upon to provide compensation in excess of wages actually earned by the part-time worker. This argument would apply equally to the employer-carrier of the part-time worker who holds a concurrent similar full-time job, but this view has not prevented the combination of wages from similar employments. *195 The problem is analyzed by Larson as follows:[3]
"Of course, it can be argued that it is unfair to one employer and his carrier to burden them with a liability, out of proportion to his own payroll and premium computed thereon, arising from a risk not associated with his type of employment. * * *
"On closer examination, however, the primary objection ... does not seem to be the argument that the insurer has not had a chance to collect a premium on the entire wage so adopted, since this argument applies as strongly to related as to unrelated concurrent jobs. The objection, then, must be that one industry may ultimately be required to bear part of the burden of an injury produced by another. This may or may not be true in a particular case, but the harm done is so remote and theoretical that it hardly seems to offset the very real injustice of relegating a disabled man accustomed to full earnings to a benefit level below that of destitution because of the circumstance that he happened to earn his living in two `dissimilar' jobs." (e.s.)
We conclude that the similar-dissimilar distinction has little to commend it from a practical point of view and has resulted in much litigation. An employee does not consider whether his jobs are similar and he often will not know until after an accident whether compensation will be limited because based on his part-time earnings. In close cases a court test inevitably results. Further, the employer and his carrier cannot protect themselves by obtaining prior information on the employee's other jobs and perhaps collecting increased premiums since it is difficult to determine beforehand whether concurrent employments will be held sufficiently similar to allow combination of wages.
We note that prior to the decision in J.J. Murphy, the Commission had taken the view that wages from dissimilar employments could be combined in Alexander v. Rolfe Armored Truck,[4] and Barnes v. White's Superette.[5] These decisions were disapproved in J.J. Murphy but not without some reluctance, as stated:[6]
"In view of the fact that the benefits of the Act are designed to compensate workers for loss of earning capacity it may well be that to refuse to allow combination of wages in dissimilar employment will in some instances result in an inequity to a worker since his compensation may be based on wages which do not accurately reflect his actual earning capacity."
Further dissatisfaction with the rule in J.J. Murphy was expressed by this Court in Central Welding and Iron Works v. Renton,[7] wherein the Court reluctantly reversed an award of compensation based on the combined weekly wages earned in dissimilar jobs, and stated:[8]
"We are not unaware of the hardship that would result were a workman, who had been forced to follow two unlike vocations in order to provide for his family, so injured in one of them that his income in the one would be greatly reduced, while the income from the other would be entirely lost."
In summary, we herewith broaden the rule in J.J. Murphy, supra, to provide prospectively *196 that wages from concurrent employments shall be combined without regard to similarity of jobs.
The case before us must be remanded for determination of the average weekly wage, a determination which will include the employee's combined wages for the thirteen weeks preceding the accident. The method of computation used by the Full Commission in Watson v. Merrill-Stephens Drydock and Repair Co.,[9] in combining wages from concurrent similar employments is approved. In that case the average weekly wage was stated to be one-thirteenth of the total amount of wages actually earned in both employments during the thirteen weeks immediately preceding the injury. In Watson, as in the instant case, the employee had worked less than thirteen weeks in one of his jobs, and the Commission held:[10]
"One-thirteenth of the total amount of wages he actually earned in both employments during the thirteen weeks preceding his injury is a realistic representation of his average weekly wage for substantially full-time employment, i.e., employment `during substantially, the whole of thirteen weeks' within the contemplation of Section 440.14(1), supra."
What we have said does not change the rule of Jacquette Motor Co. v. Talley,[11] that wages from employments outside the operation of the Workmen's Compensation Act may not be used in determining average weekly wage under the Act.
We also note that in determining a claimant's loss of wage-earning capacity, his ability, after the accident, to earn in either or both of his concurrent employments will be considered as bearing on the extent of disability under Florida Statutes § 440.02(9), F.S.A., which provides:
"(9) `Disability' means incapacity because of the injury to earn in the same or any other employment the wages which the employee was receiving at the time of the injury." (e.s.)
Thus, a claimant who injured his back on his job as a construction worker and is unable to do heavy work, may still be able to work at his desk job. Wages from both jobs, even though dissimilar, may now be combined to determine "average weekly wage," but any earning capacity remaining after the accident in either job would go to reduce the claimant's disability rating. This has been the general rule and is not altered by our decision here.[12]
Accordingly, certiorari is granted, the decision of the Full Commission is quashed and the cause remanded with directions to remand to the Judge of Industrial Claims for further proceedings in accordance herewith.
It is so ordered.
ERVIN, CARLTON and ADKINS, JJ., concur.
ROBERTS, C.J., dissents.
NOTES
[1] 137 So.2d 553 (Fla. 1962).
[2] Ibid.
[3] 2 Larson, Workmen's Compensation Law, § 60.31 at p. 88.219
[4] Decision No. 2-718, cert. denied without opinion, Rolfe Armored Truck Service v. Alexander, 105 So.2d 927 (Fla.App.3rd dist. 1958).
[5] Decision No. 2-909, cert. denied, without opinion, White's Superette v. Barnes, 125 So.2d 875 (Fla. 1960).
[6] J.J. Murphy & Son, Inc. v. Gibbs, 137 So.2d 553, 563 (Fla. 1962).
[7] 145 So.2d 876 (Fla. 1962).
[8] Id. at 877.
[9] 1 F.C.R. 355 (1956).
[10] Id. at 357.
[11] 134 So.2d 238 (Fla. 1961).
[12] See, Parrott v. City of Fort Lauderdale, 190 So.2d 326 (Fla. 1966).