LARRY G. SMITH, Judge.
The employer/carrier appeal a worker’s compensation award, contending that the Deputy Commissioner erred in determining average weekly wage based upon the assumption that claimant had concurrent em *1094 ployment at two different jobs. We reverse.
Claimant, while employed with Aircraft Service International as a fueler, was suspended because he accidentally drove his truck from the fueling facility without disconnecting the hoses. He was instructed by his supervisor to return to work in six days. However, in the meantime, the claimant obtained a job from the appellant-employer, Alpha Rent A Car, and two days later, he was injured in a compensable accident. As a result of these injuries, he could not return to work with Aircraft Service International on the appointed date as instructed by his supervisor. The claimant did report to his boss with Aircraft Service International on the last day of the six-day period, and he was instructed to come back when his injuries were healed. He never returned to work with Aircraft Service International, but proceeded with his claim for compensation as a result of his accident while employed by Alpha Rent A Car, in which he maintained that he was entitled to computation of his average weekly wage by combining his earnings with Alpha Rent A Car, as well as his former earnings at Aircraft Service International, since he “intended” to work two jobs.
Appellants contend that Section 440.14, Florida Statutes (1979) does not contemplate the calculation of average weekly wage based upon a claimant’s mere intention to work at two jobs. They contend that the claimant has not demonstrated a wage earning capacity in excess of the amount that he earned at any one employment. They point out that as a result of the award the claimant has obtained a “windfall” because his compensation rate, as determined by the Deputy Commissioner, is $44.00 per week more than he was actually earning at any material time prior to the accident.
We agree with appellants’ contentions under the circumstances presented in this case. In American Uniform and Rental Service v. Trainer, 262 So.2d 193 (Fla.1972), it was determined that a claimant accustomed to full earnings from two dissimilar jobs could not be denied benefits based upon his average weekly wage from concurrent employment simply because of the dissimilarity of the two jobs. In contrast to Trainer, the claimant here has demonstrated no history of working at two jobs. There is no evidence that the claimant has ever worked even one day for both of the employers involved.
We recognize that the distinction between “suspension” and “termination” may become critical in determining whether the claimant was employed by a second employer at the time of his injury, as indicated in D. G. Security Inc. v. Kosk, IRC Order 2-2941 (March 25, 1976). In that case the Industrial Relations Commission denied compensation based upon combined wages to a claimant who had been “terminated” from his full-time employment prior to his injury which occurred during his subsequent part-time employment. In the present case, even though there is eviden-tiary support for the Deputy Commissioner’s finding that the claimant “would have been returned to his employment” after his suspension from Aircraft Service International, there is no evidentiary support for a finding that this employment would have been available concurrently with his full-time employment by Alpha Rent A Car. The record is clear that the claimant was hired on a full-time (40-hour week) basis by Alpha, and there is no basis for claimant’s claim of dual employment other than his testimony of an intent to work in the mornings for Aircraft International and in the evenings for Alpha. Whether or not the claimant’s intention to hold two full-time jobs would ever have materialized is a matter of pure speculation. This is made rather obvious by the claimant’s own testimony that he had made no effort to work at two jobs prior to the accident because he wanted to “really get the hang of things” and make sure he had the concrete ability to perform that job, and “was in good standing with the company” before he decided to go out and try to find a second job elsewhere. Thus, although concurrent jobs might have been a possibility, it was certainly not a fait accompli.
*1095 REVERSED and REMANDED for entry of an order consistent with this opinion.
McCORD, J., and LILES, WOODIE A. (Retired), Associate Judge, concur.