520 So.2d 600 (1987)
Frank GOMEZ and CNA Insurance Company, Appellants,
v.
Elizabeth MURDOCH, Appellee.
No. BQ-391.
District Court of Appeal of Florida, First District.
September 3, 1987.
Karen M. Gilmartin of Adams, Kelley & Kronenberg, Miami, for appellants.
Mark L. Zientz of Williams & Zientz, Coral Gables, for appellee.
SMITH, Chief Judge.
Appellant, employer/carrier (e/c), seeks review of a workers' compensation order finding that claimant was concurrently employed when injured. We affirm.
Claimant suffered a compensable accident when she was thrown from a horse, resulting in a 10% permanent physical impairment of the body as a whole.
The employer herein, Frank Gomez, a trainer of thoroughbred race horses, hired claimant about one year before the accident as an exercise rider. In that capacity, she prepared the horses for racing, working 3-5 hours each day, seven days a week.
In addition to her work for Gomez, Claimant also worked at the race tracks. For the two years prior to her injury, it was her practice to work at Calder, then at Gulfstream, and then to take a break during the Hialeah meet. At the race tracks, she worked in publicity, keeping track of the leading trainers and jockeys and functioning as a statistician. Claimant maintained below, and the d/c apparently agreed, that except for the two-month Hialeah break she was routinely engaged in dual employment.
With respect to the thirteen weeks preceding the industrial accident, claimant *601 worked for Gomez during the entire thirteen weeks and for Gulfstream during the first six weeks. During the last seven weeks preceding the accident, claimant worked only for Gomez, as the Hialeah meet was in progress.
If claimant's earnings are computed based on her combined employments, claimant's average weekly wage (aww) would be $296.77, yielding a compensation rate of $187.84. If the Gulfstream employment is excluded, however, claimant's aww would be $200 with a compensation rate of $133.33. Finding that claimant was concurrently employed when injured, the deputy commissioner determined claimant's aww based on her combined employments.
The e/c contend that since claimant had only one job on the date of the accident, the concurrent employment rule embodied in section 440.14, Florida Statutes (1982 Supp.), is inapplicable in the present case, citing American Uniform & Rental Service v. Trainer, 262 So.2d 193 (Fla. 1972). We find nothing in the Trainer decision to indicate a ruling contrary to the d/c's order. The facts in Trainer differ from the facts of the present case, in that in Trainer, the employee was concurrently employed for the last two weeks of the 13-week period, whereas, in the present case, claimant had two jobs during the first six weeks of the 13-week period. In Trainer, the court found claimant entitled to the benefit of the concurrent employment rule, but we do not read the decision as restricting the application of that rule to instances in which the claimant has actually worked for two employers on the day of injury. Here, as in Trainer, the critical injury must be whether the claimant, during the 13-week period, held concurrent employment which was expected to continue in the future. Viewed from this perspective, the two cases are analogous. It was merely a fortuitous circumstance that claimant herein was not actually working at both jobs on the date of the accident. We therefore affirm the deputy commissioner's order finding that claimant was concurrently employed when injured for the purpose of calculating her average weekly wage.
AFFIRMED.
MILLS and ERVIN, JJ., concur.