714 So.2d 436 (1998)
WAL-MART STORES and Claims Management, Inc., Petitioners,
v.
George CAMPBELL, Respondent.
No. 90757.
Supreme Court of Florida.
June 11, 1998.
William H. Rogner of Hurley & Rogner, P.A., Orlando, for Petitioners.
Mark N. Tipton of Daniel L. Hightower, P.A., Ocala, for Respondent.
WELLS, Justice.
We have for review Wal-Mart Stores v. Campbell, 694 So.2d 136 (Fla. 1st DCA 1997), in which the district court certified the following question to be of great public importance:
Whether American Uniform & Rental Service v. Trainer, 262 So.2d 193 (Fla. *437 1972), mandates use of section 440.14(1)(a), Florida Statutes, to determine average weekly wage in all cases where the [workers' compensation] claimant has worked in one employment for substantially the whole of thirteen weeks prior to the industrial accident, but has worked in a concurrent employment for only a portion of the thirteen-week period, by combining the total earnings in both employments and dividing by thirteen, or whether in such cases the legislature intended use of section 440.14(1)(d) to determine average weekly wage as a fair and reasonable approximation of "the full-time weekly wages of the injured employee."
Id. at 143. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We adhere to our decision in Trainer, which applies section 440.14(1)(a)[1] to calculations of average weekly wage (AWW) in concurrent employment cases. We continue to find that section 440.14(1)(a), Florida Statutes, sets forth the proper formula for use of a judge of compensation claims (JCC) in determining AWW in all cases where a claimant has worked in one employment for substantially the whole of thirteen weeks prior to an industrial accident but has worked in a concurrent employment for only a portion of the thirteen-week period.
The district court's certified question is based upon its conclusion in this case that section 440.14(1)(d), Florida Statutes (1989),[2] applied to the AWW in a concurrent employment claim. The district court found that a JCC has discretion to determine how to calculate the AWW of a claimant who has been engaged in concurrent employment for a portion of the thirteen-week period preceding a workplace accident other than by using the method set forth in section 440.14(1)(a), which calculates the AWW by dividing by thirteen the total wages from all employment during the thirteen weeks immediately preceding the injury.
This case arose from a workers' compensation claim filed by Campbell after he was injured in December 1990 while performing his full-time job at Wal-Mart. He had worked at Wal-Mart for the thirteen weeks immediately preceding the accident. For six weeks immediately preceding the accident, Campbell also worked part-time at Krystal. The JCC found the accident to be compensable and ordered workers' compensation payments based on Campbell's AWW. To calculate the AWW, the JCC first divided by thirteen the total amount earned at Wal-Mart during the thirteen weeks preceding the accident. The JCC then modified the AWW by dividing the total amount Campbell earned at Krystal by six, which was the number of weeks he worked at Krystal, and adding that figure to the original AWW. Wal-Mart advocated calculating the AWW by adding together the total amount earned at Krystal and Wal-Mart during the thirteen-week period and then dividing by thirteen. Wal-Mart contended that its recommended method of calculation was mandated by section 440.14(1)(a), Florida Statutes (1989), and this Court's decision in Trainer.
On appeal, the First District Court of Appeal affirmed the JCC's order. Wal-Mart Stores, 694 So.2d at 142. The district court reasoned that the JCC's determination of the AWW represented Campbell's true earning capacity if he had not been injured and had continued to work full-time for Wal-Mart and part-time for Krystal at the wages indicated. Id.
Wal-Mart argues here that the plain language of section 440.14(1)(a) describes the claimant's concurrent employment in the phrase "whether for the same or another employer" and provides a formula that applies to the concurrent earnings circumstances *438 in this case.[3] Thus, Wal-Mart reasons that section 440.14(1)(a) provides the basis for calculating concurrent earnings for inclusion in the AWW of a claimant who has worked in a concurrent employment for only a portion of the thirteen-week period preceding an industrial accident and that resort to section 440.14(1)(d) is therefore not sanctioned by the plain meaning of the statute. We agree.
In Trainer, we held that wages earned in concurrent employments shall be combined to determine an AWW without regard to similarity of the concurrent jobs. Trainer, 262 So.2d at 195-96. In Trainer, we stated:
The case before us must be remanded for the determination of the average weekly wage, a determination which will include the employee's combined wages for the thirteen weeks preceding the accident. The method of computation used by the Full [Industrial Relations] Commission in Watson v. Merrill-Stephens Drydock and Repair Co. in combining wages from concurrent similar employments is approved. In that case the average weekly wage was stated to be one-thirteenth of the total amount of wages actually earned in both employments during the thirteen weeks preceding the injury. In Watson, as in the instant case, the employee had worked less than thirteen weeks in one of his jobs, and the Commission held:
"One-thirteenth of the total amount of wages he actually earned in both employments during the thirteen weeks preceding his injury is a realistic representation of his average weekly wage for substantially full-time employment, i.e., employment `during substantially, the whole of thirteen weeks' within the contemplation of Section 440.14(1), supra."
Trainer, 262 So.2d at 196 (footnotes omitted). As we held in Trainer and according to our reading of the statute's plain language, concurrent employment calculations are covered by section 440.14(1)(a). Therefore, no basis exists for resorting to section 440.14(1)(d).
We disagree with the district court's interpretation that the legislature intended to apply section 440.14(1)(a) only "when the injured employee has been continuously employed full-time in the same employment for the thirteen weeks immediately preceding the industrial accident, whether for the same employer or for successive employers." Id. at 140-41. We read the statutory language "for the same or another employer" to apply to both concurrent and successive employers.
We understand the concern the district court expressed in referring in its opinion to the statement in the Larson treatise that "the calculation of AWW `is not intended to be automatic and rigidly arbitrary,'" id. at 138-39 (quoting 5 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law, § 60.11(d), at 10-638 (1997)). We agree that the goal of the calculation of the AWW is to determine a fair and reasonable AWW. Id. at 142. However, we also recognize the benefit of having a fixed method of calculation to apply in recurring situations so that employers, employees, and insurers can readily make the calculation without having to resort to a decision by a JCC. We believe that the legislature intended to provide such a fixed method of calculation for these concurrent employment situations and that the method provided determines a fair and reasonable AWW.
Accordingly, we answer the certified question by holding that our decision in Trainer mandates the application of section 440.14(1)(a) in concurrent employment circumstances to determine the AWW. We quash the decision of the First District Court *439 of Appeal and remand for proceedings consistent with this opinion.
It is so ordered.
OVERTON and HARDING, JJ., and GRIMES, Senior Justice, concur.
ANSTEAD, J., dissents with an opinion, in which KOGAN, C.J., and SHAW, J., concur.
ANSTEAD, Justice, dissenting.
I would approve the unanimous holding of the First District and the opinion of Chief Judge Barfield on this important policy issue involving fundamental fairness to Florida workers. This long established policy is well articulated in the treatise on workman's compensation by renowned scholar Arthur Larson wherein the author explains that the calculation of an AWW "is not intended to be automatic and rigidly arbitrary," and that the test for an AWW is whether it is fair and reasonable. See 5 Arthur Larson & Lex K. Larson, Larson's Workers Compensation Law § 60.11(d), at 10-638 (1997). Chief Judge Barfield quoted favorably from Larson's work to explain this policy:
The entire objective of wage calculation is to arrive at a fair approximation of claimant's probable future earning capacity. His disability reaches into the future, not the past; his loss as a result of injury must be thought of in terms of its impact on probable future earnings, perhaps for the rest of his life. This may sound like belaboring the obvious; but unless the elementary guiding principle is kept constantly in mind while dealing with wage calculation, there may be a temptation to lapse into the fallacy of supposing that compensation theory is necessarily satisfied when a mechanical representation of this claimant's own earnings in some arbitrary past period has been used as a wage basis.
Wal-Mart, 694 So.2d at 139 (quoting Larson, supra, § 60.11(f), at 10-647 to 10-648 (1997)). Numerous decisions have consistently followed this reasoning in holding that JCCs should be allowed the flexibility to determine a fair and reasonable wage. See, e.g., Vegas v. Globe Security, 627 So.2d 76, 81-82 (Fla. 1st DCA 1993) (en banc) (recognizing that underlying policy of statute is to provide a fair approximation of employee's earning capacity); Waldorf v. Jefferson County Sch. Bd., 622 So.2d 515, 517 (Fla. 1st DCA 1993)(noting that judge has a duty to determine a fair and reasonable wage and should not determine AWW in mechanical fashion); Florida Cast Stone v. Dehart, 418 So.2d 1271, 1272 (Fla. 1st DCA 1982) (asserting that a JCC is "not a cipher or a calculating robot, but ... a judge of claimant's unique employment situation").
Moreover, it is apparent that in order to reach a fair and reasonable AWW, a JCC must attempt to calculate the average wage in a way that actually and realistically reflects what the claimant's future earnings would have been. See Witzky v. West Coast Duplicating & Claims Ctr., 503 So.2d 1327 (Fla. 1st DCA 1987). Because there is absolutely nothing in the record to indicate that the claimant in this case would have stopped working the second job had he not been injured, the majority's opinion violates the policy of ensuring a fair and reasonable wage determination which reflects future earnings.
As the First District expressly noted, it is well established that a JCC is purposefully vested with broad discretion to use section 440.14(1)(d), the "catch-all" provision, to ensure a fair and just AWW by utilizing a formula other than the one provided in section 440.14(1)(a). See Wal-Mart, 694 So.2d at 141-42. As noted, the reason for allowing JCCs broad discretion is to avoid a mechanical application of formulas in calculating the AWW and instead ensure a computation which actually and fairly reflects the claimant's wages. See generally Vegas, 627 So.2d at 82; Waldorf, 622 So.2d at 517; Florida Cast Stone, 418 So.2d at 1272.
Accordingly, I conclude that the First District followed sound policy and properly found that the JCC in this case acted within its broad discretion in computing the AWW. The majority opinion here, by requiring a "fixed method of calculation," runs contrary to the sound established policy of allowing JCCs broad discretion in determining a fair and reasonable weekly wage, as well as ignoring the plain meaning of section 440.14(1)(d), which permits alternative methods of calculation where justice so requires.
*440 I would approve the First District's opinion and its good sense conclusion:
We find that application of the method of calculation urged by the E/SA to the facts of this case would result in an AWW which would not fairly approximate the claimant's pre-injury earning capacity and use of which would therefore not properly reflect his probable future earning loss. Under the circumstances presented in this case, we find that the JCC properly exercised his discretion in calculating the claimant's AWW based on his actual full-time wages at the time he was injured, as authorized by section 440.14(1)(d) when the other methods "cannot reasonably and fairly be applied." The record indicates that the AWW determined by the JCC represents the claimant's true earning capacity if he had not been injured (i.e., he would have continued to work full-time for Wal-Mart and part-time for Krystal, at the wages indicated).
Wal-Mart, 694 So.2d at 142.
KOGAN, C.J., and SHAW, J., concur.
NOTES
[1] Section 440.14(1)(a), Florida Statutes (1989), provides in relevant part:

If the injured employee has worked in the employment in which he was working at the time of the injury, whether for the same or another employer, during substantially the whole of 13 weeks immediately preceding the injury, his average weekly wage shall be one-thirteenth of the total amount of wages earned in such employment during the 13 weeks.
[2] Section 440.14(1)(d), Florida Statutes (1989), provides in relevant part:

If any of the foregoing methods cannot reasonably and fairly be applied, the full-time weekly wages of the injured employee shall be used....
[3] Ancillary to the issue involved in the certified question, Wal-Mart argues that we should reject the First District Court of Appeal's decision in Vegas v. Globe Security, 627 So.2d 76 (Fla. 1st DCA 1993). In Vegas, the district court held that the calculation of an AWW including concurrent employment wages was not affected by the enactment, effective July 1, 1990, of section 440.02(24), Florida Statutes (Supp.1990). Id. at 85. We did not review Vegas, which became final in 1993. The statute was amended again, effective January 1, 1994, and the most recent amendment eliminated the basis of Wal-Mart's argument as to the Vegas decision's construction of the statute. We decline to disturb the First District's construction of the statute and will apply the statute in accord with that settled construction for the period in which the 1990 amendment was in effect.