PER CURIAM.
The employer/carrier seek review of a workers’ compensation order determining the claimant’s average weekly wage. Although the employer/carrier raised three issues in their brief, we find only one issue merits discussion. We reverse the judge of compensation claims’ finding that the claimant held concurrent employment and remand for recalculation of the claimant’s average weekly wage.
The claimant suffered a compensable accident on July 20, 1993 four days after she began her job with the employer. She started receiving workers’ compensation benefits but a dispute arose over the calculation of her average weekly wage. A hearing was held and the judge of compensation claims found that the claimant had intended to work concurrently at her job with the employer and at her previous job with a local florist shop. The judge added sixteen hours to the forty hours per week claimant expected to work for the employer. Thus, claimant’s average weekly wage was computed based on a fifty-six hoxu* week.
A review of the record demonstrates that the judge’s finding that the claimant was concurrently employed with the florist shop and with the employer was erroneous. The claimant did not work even one day for both employers. Moreover, the owner of the florist shop testified that he no longer considered the claimant an employee. As with other past employees, he placed the claimant on his on-call list, a list of experienced people he could call when he was extremely busy.
The only evidence that the claimant held concurrent employment was her testimony that she intended to work both jobs. A finding of concurrent employment must be based on more than mere speculation or intention. See Alpha Rent A Car v. Zollikofer, 399 So.2d 1093 (Fla. 1st DCA 1981). The claimant failed to prove that she had held concurrent employment that was expected to continue in the future. Compare Gomez v. Murdoch, 520 So.2d 600 (Fla. 1st DCA 1987). Therefore, we reverse the judge’s finding that the claimant held concurrent employment and remand for recalculation of the average weekly wage based on a forty hour week. In all other respects, the order is affirmed.
Affirmed in part and reversed in part.
ERVIN, BOOTH and PADOVANO, JJ„ concur.