IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

GREAT CLEANING
CORPORATION/ ASCENDANT
ETC.,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

    Appellants,

CASE NO. 1D15-5776

v.

CARMEN BELLO,

    Appellee.

_____/

Opinion filed September 6, 2016.

An appeal from an order of the Judge of Compensation Claims.
Edward R. Almeyda, Judge.

Date of Accident: May 6, 2015.

Kimberly J. Fernandes of Kelley Kronenberg, P.A., Tallahassee, for Appellants.

Ramon Malca and Jeffrey I. Jacobs of Malca and Jacobs, P.A., South Miami, for
Appellee.

PER CURIAM.

    In this workers' compensation case, the Employer/Carrier (E/C) challenges

the Judge of Compensation Claims' (JCC's) calculation of Claimant's average

weekly wage (AWW). We reverse and remand because the JCC erroneously concluded that the calculation method under section 440.14(1)(a), Florida Statutes (2014), does not apply.

Background

Claimant moved to Florida in 2010 and has worked full-time almost continuously since her arrival. Part of this time, from the end of October 2014 through March 2015, she worked full-time selling clothes at her daughter's shop. Claimant's work for her daughter did not qualify as "employment" as defined in chapter 440. Claimant stopped working in her daughter's shop in March 2015, when her daughter could no longer afford to pay her.

During the time Claimant worked for her daughter, she also began a part-time cleaning job with the E/C. She cleaned a clubhouse approximately two hours a day, seven days a week, for a flat fee of $300.00 twice a month. Her part-time work continued for three months until April 2015, when she switched to full-time cleaning work after stopping work with her daughter. Claimant continued cleaning the clubhouse, but also was paid $9.00 per hour to clean houses for the E/C. Although the E/C described the additional work as "on call," Claimant worked no less than eight hours per day almost every day from April 10, 2015, through May 6, 2015.

While Claimant cleaned a house on May 6, 2015, she fell from a ladder and fractured her left ankle. The E/C accepted compensability of the workplace injury,

2

authorized medical care, and began payment of temporary disability benefits. Claimant subsequently filed a petition for benefits (PFB) seeking additional temporary compensation benefits based on an increase in the AWW to $577.50. As of the date of the final hearing on the AWW claim, Claimant had not been placed at maximum medical improvement from her injury. Testimony from the E/C suggested that, absent the injury, Claimant would still be working full-time.

At the final hearing, the parties stipulated that the correct calculation of the AWW was the sole issue for adjudication. The E/C asserted that the correct AWW is $251.96 based on Claimant's earnings during the thirteen week period prior to Claimant's accident and beginning February 1, 2015. During the final hearing, Claimant's attorney argued that the AWW should be calculated using only the earnings from her full-time work for the E/C, which was from April 10, 2015, through May 6, 2015, and that the correct AWW is $520. In the final order on appeal, the JCC concluded that the AWW should be calculated using only Claimant's full time wages from April 16, 2015, through May 6, 2015: a time period of twenty-one days. Although the JCC calculated an AWW of $653.83 using the payments during this time period, he ultimately ruled that the AWW could be no more than $577.50, the amount originally sought by Claimant in the PFB and pretrial stipulation.

3

## Analysis

In workers' compensation, the standard of review for a question of law is *de novo*. See Mylock v. Champion Int'l, 906 So. 2d 363, 365 (Fla. 1st DCA 2005). Section 440.14(1) delineates how to compute a claimant's AWW and provides in pertinent part:

> (1) Except as otherwise provided in this chapter, the average weekly wages of the injured employee on the date of the accident shall be taken as the basis upon which to compute compensation and shall be determined . . . as follows:

> (a) If the injured employee has worked in the employment in which she or he was working on the date of the accident, whether for the same or another employer, during substantially the whole of 13 weeks immediately preceding the accident, her or his [AWW] **shall** be one-thirteenth of the total amount of wages earned in such employment during the 13 weeks. As used in this paragraph, the term "substantially the whole of 13 weeks" means the calendar period of 13 weeks as a whole, which shall be defined as the 13 calendar weeks before the date of the accident, excluding the week during which the accident occurred. The term "during substantially the whole of 13 weeks" **shall** be deemed to mean during not less than 75 percent of the total customary hours of employment within such period considered as a whole.

> . . .

> (d) If any of the foregoing methods cannot reasonably and fairly be applied, the full-time weekly wages of the injured employee shall be used, except as otherwise provided in paragraph (e) or paragraph (f).

> . . .

4

(f) If it is established that the injured employee was a part-time worker on the date of the accident, that she or he had adopted part-time employment as a customary practice, and that under normal working conditions she or he probably would have remained a part-time worker during the period of disability, these factors shall be considered in arriving at her or his average weekly wages. For the purpose of this paragraph, the term "part-time worker" means an individual who customarily works less than the full-time hours or full-time workweek of a similar employee in the same employment.

(Emphasis added). Under the plain language of the statute, the AWW calculation must be made in accordance with paragraph (a) if the statutory conditions are satisfied. See Wal-Mart Stores v. Campbell, 714 So. 2d 436, 438 (Fla. 1998) (holding that plain language of statute means that resorting to alternate method of AWW calculation under section 440.14(1)(d) is not sanctioned where paragraph (a) applies).

Here, the JCC concluded that the thirteen-week calculation method under section 440.14(1)(a) could not apply because Claimant's work history *prior to* the thirteen-week period established a pattern of full-time work. Notably, an earlier version of paragraph (a) provided that "the term 'during substantially the whole of 13 weeks' shall be deemed to mean during not less than 90 percent of the total customary *full-time* hours of employment within such period considered as a whole." § 440.14(1)(a), Fla. Stat. (2002) (emphasis added). In 2003, however, the statute was amended to reduce the percentage to 75 percent and to eliminate the modifier "full-

5

time." § 440.14(1)(a), Fla. Stat. (2003). Thus, in accordance with the change in law, and contrary to the JCC's apparent assumption, the application of paragraph (a) is not dependent on the evidence of "full-time hours of employment."

Instead, as indicated in the first sentence of paragraph (a), the proper analysis begins with a determination of "the employment" in which the injured employee was working on the date of the accident. In Campbell, the claimant worked for one employer for the full thirteen weeks, but also worked part-time in a concurrent job for another employer during the last six weeks of that time period. 714 So. 2d at 437. As in the instant case, the claimant's wages were substantially higher during the last part of the relevant thirteen week period immediately prior to the accident and would have continued at that higher amount absent the workplace injury. Nevertheless, the supreme court in Campbell concluded that, under the plain language of the statute, the AWW paragraph (a) applies "in all cases where a claimant has worked in one employment for substantially the whole of thirteen weeks prior to an industrial accident but has worked in a concurrent employment for only a portion of the thirteen-week period." Campbell, 714 So. 2d at 437. In reaching this conclusion, the supreme court expressly disagreed with this court's interpretation that section 440.14(1)(a) applies "only 'when the injured employee has been continuously employed full-time in the same employment . . . .'" Id. at 438 quoting Wal-Mart Stores v. Campbell, 694 So. 2d 136, 140 (Fla. 1st DCA 1997).

6

Here, although Claimant had been working full-time for the E/C for three weeks, it is undisputed that she worked in one employment for the E/C for substantially the whole of the thirteen weeks prior to her accident. For that reason, <u>Campbell</u> controls and the AWW must be calculated using the method set forth in paragraph (a).[1]

Conclusion

Because the JCC erred in his calculation of Claimant's AWW, we find it unnecessary to address the E/C's second point on appeal concerning the JCC's decision to cap the increased AWW by the amount claimed by Claimant in the pre-trial stipulation as opposed to the amount claimed during the final hearing. Accordingly, we REVERSE the order below and REMAND for a determination of Claimant's AWW consistent with this opinion.

WOLF, B.L. THOMAS, and OSTERHAUS, JJ., CONCUR.

---

[1] We note that section 440.14(1)(f), allows a JCC's AWW determination to account for an injured worker's most recent work status in the opposite situation—where a worker adopted *part-time* employment and would have remained a *part-time* worker. But this statute doesn't cover the converse situation, like here, where the Claimant had recently adopted *full-time* work with the E/C and expected to remain a *full-time* worker.