STURGIS, Chief Judge.
A petition has been filed in this court for a writ of certiorari directed to an order of the respondent Florida Industrial Commission awarding compensation to the petitioner-claimant under the Workmen’s Compensation Law, F.S.A. § 440.01 et seq. for an injury she received in the course of her employment. All parties have agreed that the claim is compensable, and the only question before us on the petition is as to the proper basis for computing the award.
The claimant’s work consisted of picking citrus fruit for shipment, grading and sorting, and operating miscellaneous machinery for the extraction of citrus juices. On October 12, 1954, she was injured in an accident arising, it is conceded by all parties, out of and in the course of her employment. The injury was to her right arm, on which several surgical operations were subsequently performed, with the result that she has completely lost the use of the arm.
During the time of her employment her rate of compensation was &0‡ an hour for every hour actually worked, the same rate applying to any overtime that she might work. The nature of the respondent employer’s business was such that it was subject to business fluctuations, at least so far as the number of hours worked by the claimant is concerned. During the months of November through April the claimant’s work required considerable overtime, but in the months of May through October the hours she actually worked were much less, varying from five to ten hours a day. The plant was never closed, however, and she was never “laid off”. The period from November through April each year was referred to as the “season”, and the period from May through October was referred to in the testimony as “off-season”. The thirteen weeks immediately preceding the date of her injury were, according to uncontroverted testimony, “the slackest period of the year.” During the thirteen weeks immediately preceding the date of her injury, the claimant earned a total of $268 (or, since thirteen weeks constitute a quarter of a year, an annual income of $1,072, if the income for each quarter of the year is the same). The evidence, however, showed that the claimant’s earnings were $1,850.60 in 1953 and $1,607.20 in 1954. During the 52 weeks immediately preceding her injury she earned $1,704.20.
The deputy commissioner, before whom the claim was tried, found that the claimant was injured in an accident arising out of and in the course of her employment while employed by the respondent employer; that the claimant’s average weekly earnings for the thirteen weeks prior to the date of her injury were $20.61; that the claimant’s rate of compensation should be based on 60% of the $20.61, or $12.37 a week; and that the claimant was still temporarily and totally disabled. The respondent Florida Industrial Commission affirmed this compensation order by the divided vote of two to one.
The statutory provision relating to compensation for disability is Section 440.15, Subsection (2) of which reads as follows:
*457 “(2) Temporary total disability. — In case of disability total in character but temporary in quality, sixty per cent of the average weekly wages shall be paid to the employee during the continuance thereof, not to exceed three hundred and fifty weeks except as provided in subsection (1) of § 440.-12.”
The subsection just referred to provides that no compensation shall be allowed for the first four days of the disability, except certain medical benefits provided for. in Section 440.13.
The only question before us is whether Subsection (1) or Subsection (3) of Section 440.14, relating to the basis for the computation of the award, is applicable under the circumstances of this case. The provisions of that section are as follows:
“440.14 Determination of pay. Except as otherwise provided in this chapter, the average weekly wages of the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation and shall be determined subject to limitations of subsection (2) of § 440.12 as follows:
“(1) If the injured employee shall have worked in the employment in which he was working at the time of the injury, whether for the same or another employer, during substantially the whole of thirteen weeks immediately preceding the injury, his average weekly wage shall be one-thirteenth of the total amount of wages earned in such employment during the said thirteen weeks.
“(2) If the injured employee shall not have worked in such employment during substantially the whole of thirteen weeks immediately preceding the injury, the wages of a similar employee in the same employment who has worked substantially the whole of such thirteen weeks shall be used in making the determination under the preceding paragraph.
“(3) If either of the foregoing methods cannot reasonably and fairly be applied the full time weekly wages of the injured employee shall be used, except as otherwise provided in subsections (4) or (5) of this section.
“(4) If it be established that the injured employee was a minor when injured, and that under normal conditions his wages should be expected to increase during the period of disability the fact may be considered in arriving at his average weekly wages.
“(5) If it be established that the injured employee was a part-time worker at the time of the injury, that he had adopted part-time employment as his customary practice, and that under normal conditions he probably would have remained a part-time worker during the period of disability, these factors may be considered in arriving at his average weekly wages. For the purpose of this subsection the term ‘part-time worker’ means an individual who customarily works less than the full-time hours or full-time work week of a similar employee in the same employment because unable or unwilling to accept full-time work, and does not include any employee who was working on a part-time basis because (a) his employer failed to provide full-time work for him, (b) he was unable to obtain full-time work, or (c) his attendance at school or college did not permit full-time employment.
“(6) If compensation is due for a fractional part of the week, the compensation for such fractional part shall be determined by dividing the weekly compensation rate by the number of days employed per week to compute the amount due for each day.” (Emphasis supplied.)
*458 The respondent employer and insurance carrier contended before the deputy commissioner that Subsection (1) of Section 440.14 should be applied, while the claimant said it should be Subsection (3). The deputy commissioner found that the proper formula for computing' the claimant’s average wage was contained in Subsection (1) but did not make any finding as to whether the method provided in Subsection (1) could be “reasonably and fairly” applied. The Florida Industrial Commission affirmed the deputy commissioner’s order and likewise made no finding as to such reasonableness and fairness. The Commission did, however, in its order stress the administrative or quasi-judicial burden that would be placed upon deputy commissioners if they were required to make a finding as to whether a method is “reasonable and fair” in determining the injured employee’s average weekly wage, saying :
“However, in the instant cause, inasmuch as the conditions of Subsection (1) have been met, it is unnecessary to repair to Subsection (2). Then the Legislature enacted Subsection (3) which we believe they intended be used where Subsections (1) and (2) could not be applied. If Subsections (1) and (2) cannot be used, then the Commission is given the prerogative to utilize whatever method may be ‘fair and reasonable’ in determining the injured employee’s average weekly wage. In the event this Commission abrogates Subsections (1) and (2) in this cause and takes the position that Subsection (3) is applicable, it means one thing, that is, that in every instance in which a determination of average weekly wage is to be made, the Deputy in his discretion can determine and must determine whether or not Subsection (1) and Subsection (2) are ‘fair and reasonable’ methods of determining the average weekly wage. It is obvious that this would impose an undue administrative or quasi judicial burden upon Deputy Commissioners in disposing of cases. It would create endless litigation in determining what is ‘fair and reasonable’. What may be ‘fair and reasonable’ in the mind of one man may not necessarily be ‘fair and reasonable’ in the minds of others. The Legislature has given this Commission a formula to use and we cannot by administrative fiat circumvent the formula as outlined by our Legislature. In the event we were so to do, it would mean that in every similar instance regardless of whether the facts in the cause would permit the Deputy to use Subparagraph (1) or Subpara-graph (2) of Section 440.14, the question of what is ‘fair and reasonable’ would have to be determined.”
It is clear from the statute that under Subsection (1) the basis for determining the average weekly wage for the thirteen weeks immediately preceding the injury, where there is regular employment over that period and where the employee is not a “part-time worker” within the definition of Subsection (5), means exactly the average wage of the employee over the thirteen-week period and has no relation whatever to seasonal employment or employment that fluctuates, in point of amount of employment available, because of the necessities of the employment or the regular usages of the employer. There is nothing to indicate that the claimant was a “part-time worker” within the definition of Subsection (5) of the statute, and it will be noted that Subsection (3) thereof, which permits the full-time weekly wages of the injured employee to be used in those instances where Subsections (1) and (2) cannot reasonably and fairly be applied, specifically excludes from its operation the limitations contained in Subsections (4) and (5) of the statute. Applying those exceptions to the case on review, it is apparent that the claimant here does not fall within the class of those whose “employer failed to provide full-time work” according to the general business practices of the *459 employer, or that claimant was “unable to obtain full-time work” according to the business practices of the employer, or that claimant’s “attendance at school or college did not permit full-time employment.”
The provisions of Section 440.14 F.S.A. (1951) fixing the average wages received during the thirteen weeks of employment immediately preceding the injury as the factor upon which disability compensation is to be computed, were incorporated as a result of chapter 20672, § 3, Laws of 1941, which amended Section 14 of chapter 17481, Laws of 1935, the original act. Prior to the 1941 amendment the average wage during the whole year immediately preceding the injury was the statutory factor for such computation. To adopt appellant’s contention would require use of the one-year factor that was specifically destroyed by the 1941 amendment substituting the thirteen-week factor in its stead. To so hold would be the equivalent of a repeal of the 1941 amendment by judicial fiat, and this we are powerless to do.
It is evident, therefore, that the statute was properly applied by the deputy commissioner and by the Full Commission.
Certiorari is denied.
THOMAS, ELWYN, Associate Judge, concurs and CARROLL, DONALD K., J., dissents.