O’CONNELL, Justice.
Petitioner, on the sixth day of employment as a waitress for the respondent restaurant, slipped and wrenched her back. She was given extended treatment by her attending doctor, an osteopathic physician, and by osteopathic surgeons. She was examined by a neurosurgeon and by a psychiatrist.
The respondent and the carrier paid all medical bills and paid temporary total disability on the basis of an average weekly wage of $32 until petitioner reached maximum benefit of medical treatment. The respondent and its carrier refused to pay any sums for permanent disability. Petitioner contended and does contend that she is permanently disabled by reason of the accident, while respondent asserts that the petitioner suffers no permanent disability as a result thereof.
The deputy after hearing the evidence of the parties found and ordered among other things that although petitioner was suffering from a “conversion type reaction’’ no competent testimony had been produced to show any disability arising therefrom. He found that “the claimant sustained no permanent partial disability as a result of this accident.”
In the introductory portion of his order the deputy stated that “It was stipulated by and between counsel for the parties * * * that the Claimant received an average weekly wage of $32.00, including meals and tips. This, however, did not bar the Claimant from showing a higher remuneration. * * * ” In his findings of fact the deputy found that the claimant’s average weekly wage was $32, including meals and tips.
*889 The net result of the deputy’s order was a denial of the claim of the petitioner. On review by the full commission the deputy was affirmed.
In her petition for review here, the petitioner urges that the full commission and the deputy erred (1) in finding that she suffered no permanent disability attributable to the accident and (2) in finding that she received an average weekly wage of $32, including meals and tips.
As to the deputy’s finding that the petitioner had not produced any competent evidence to show any permanent disability arising from the accident, it is sufficient to say that the evidence on the point was conflicting and the deputy as the trier of fact had the authority and duty to resolve the conflicts. He did this and there is competent substantial evidence to support his conclusion.
The correctness of the deputy’s finding that the petitioner’s average weekly wage was $32, including meals and tips, is dependent upon whether the deputy was correct in finding that the respondent had stipulated to such.
In a deposition taken of petitioner, on her behalf, her attorney asked her how much she was making at the time of the accident. She replied “I’d have to figure it out, because my * * * ”, at which point counsel for respondent interposed “How’s $32.00 average a week sound to you?” To this the petitioner replied, “With tips and all that is about right.”
Counsel for respondent then stated, “We stipulate on $32.00 average you make.” Neither petitioner nor her counsel made any rejoinder to this statement.
Subsequently at a hearing before the deputy the record reflects that the parties did stipulate that petitioner’s deposition aforementioned be admitted into evidence, but that it would not be a limitation of any testimony that petitioner might wish to offer.
At this hearing the petitioner testified that for her services as a waitress her employer agreed to pay her “ * * * my salary, my two meals a day and my tips.” She testified that she did not remember the exact amount of her salary but “It was under twenty dollars. I do remember that.” She then testified that during the six days of her employment she had received $32.95 in tips.
Thereafter upon questioning by the deputy the petitioner stated that there were similar employees in the employ of the respondent. It was developed that prior to working as a waitress for the respondent (over a period of only 6 days) petitioner had worked in a dissimilar employment, i.e. as a receptionist for a sign company.
Under these facts it is obvious that the average weekly wages of the petitioner would have to be determined in the manner prescribed in Sec. 440.14(2), F.S.A.
Petitioner offered no evidence of the average earnings of similar employees in the same employment as provided for in Sec. 440.14(2), F.S.A.
Therefore, if the statement of respondent’s counsel stipulating that petitioner’s weekly wage was $32, including meals and tips, not be considered as binding, then it is clear that there was no evidence before the deputy upon which he could determine the average weekly wage. The burden to produce such evidence rested on the petitioner.
As we view the record the deputy considered the respondent’s statement concerning the amount of petitioner’s wages as being an agreement that petitioner’s average weekly wage was in the amount of $32 and that it was unnecessary for petitioner to produce proof of wages in this sum. However, the deputy apparently considered the respondent’s admission as not limiting the petitioner in proving a higher average weekly wage, if she could do so. The stipulation of the parties admitting petitioner’s de *890 position into evidence and the deputy’s order both so provide.
We think this treatment of the so-called stipulation was reasonable and correct. It did constitute a sufficient basis for the deputy’s finding that petitioner’s average weekly wage was the sum of $32.
It should be pointed out that nowhere in these proceedings does petitioner take the position that the respondent’s statement agreeing that her average weekly wage was in the sum of $32 was not effective or did not constitute basis for the deputy’s finding on this item. She merely protests that he should have found her average weekly wage to be a greater sum. As pointed out above she offered no proof which would support a finding of a higher average weekly wage under the applicable statute.
For the reasons above expressed the petition for writ of certiorari is denied.
TERRELL, Acting Chief Justice, and HOBSON, DREW and THORNAL, JJ., concur.