THOMAS, Acting Chief Justice:
Evidently the controlling question in this controversy is whether or not the claimant Lott was permanently totally disabled by an accident that occurred 1 June 1962. He suffered a fracture of both ankles when he fell from the top of a box car. Temporary total disability benefits were paid to him until 21 September 1963, the date he reached maximum improvement, and permanent partial benefits were awarded him from that date to 26 November 1964 based on the report of an orthopedist that he had undergone a loss of use of his left foot to the extent of 25 per cent, and of his right foot to the extent of 10 per cent A year later, 14 December 1965, the claimant sought permanent total disability benefits. At an ensuing hearing the deputy commissioner granted this prayer and further ordered reimbursement for travel expenses, future medical care, and attorney’s fee of $2500, “based on the American Standard Mortality Table and the amount which the claimant can reasonably be expected to recover together with the time and effort spent and the skill of the attorney in presenting the claim.”
The contest was somewhat simplified by stipulations about the injury, the average weekly wage, the medical reports, the lack of need for future medical care, and the amounts of compensation paid. At the beginning of the hearing it was stated by claimant’s counsel that no further medical care was then needed.
It was further stipulated that in the event of an award the fee of claimant’s attorney should be set by the deputy commissioner “without further proof * * * as to reasonableness * *
So the whole controversy was reduced to a question of claimant’s right to permanent total disability and, incidentally, to the propriety of the fee.
The deputy found the claimant entitled to permanent total disability benefits. The Pull Commission affirmed, with the chairman, Hon. J. D. Wright, Jr., dissenting.
It is argued here in claimant’s behalf that he has, in effect, lost the use of both feet and should, therefore, under F.S. A. Sec. 440.15(i)(b) be declared permanently totally disabled. Of course, if the conclusion of the deputy is based on competent substantial evidence, it should not be disturbed. That rule was announced in United States Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741, and has been so often repeated as almost to have become hackneyed. But we are within the exercise of our power when we take a look at the orders of the deputy and Full Commission and the dissenting opinion to determine whether or not competent substantial evidence according with logic and reason supported the claim.
The deputy meticulously recorded the background of the claimant as a farmer, truck driver, bus driver, guard of prisoners and a seaman in the Navy, and recorded that since the accident he had had no income exclusive of the benefits from Workmen’s Compensation, except money received for three month’s work when he was re-hired by the petitioner to fill out slips showing the amount and weight of lime rock being hauled from petitioner’s pit. This employment ended in three months when he was discharged because of improper performance of his duties, in what respect is not shown.
The deputy scrupulously digested the testimony in behalf of the claimant and observed that none had been offered by the petitioner. He concluded that the claimant because of his background and lack of education and because of his difficulty of locomotion was permanently and totally disabled.
The deputy made the significant findings that the claimant had sought re-employment *424 and “because of his education and inability to read or write, that he was fired” presumably from the job with his original employer. These are the conclusions most strenuously challenged by the petitioner.
The Full Commission approved the order of the deputy commenting, with reference to what we have designated the principal points of dispute, that the claimant had tried to get work at his brother’s gas station but was unsuccessful because of his inability to “ ‘get around’ ” and that his efforts to obtain work through the Employment Service were unavailing “because of his lack of education.”
The chairman of the Full Commission in his dissenting opinion took sharp issue with the affirmance of the finding that the claimant was unable to work and with the statement that he was discharged from his intermittent employment because of want of education, and with the conclusion that he tried to get a job. He quoted the claimant as saying he was ‘fired’ because he “ ‘messed up some slips’ ”. He thought the record was devoid of competent evidence that such inefficiency was attributable to lack of education. He thought the position that the claimant tried to get a job was unsupported by the evidence.
We are inclined to agree with the dissenter. We find no evidence establishing that his discharge for improperly filling out the slips was attributable to his lack of education. True he was unlettered, but he could read his Bible and newspapers with occasional help when he encountered difficult words. His effort to get work was but a gesture. He called at the office of the Employment Service and was told to return. This he never did.
We are constrained to reverse the order of the Full Commission with directions to quash the order of the deputy and dismiss the claim, and with directions to the deputy to revise the allowance of the fee for claimant’s attorney by eliminating that part of it which was computed on the basis of the mortality table.
The petition for attorney’s fee in this court is denied.
ROBERTS, O’CONNELE and CALDWELL, JJ., and SPECTOR, District Court Judge, concur.