409 So.2d 1205 (1982)
Arthur T. COLES, Appellant,
v.
GAINESVILLE BONDED WAREHOUSE and American Insurance Company, Appellee.
No. AB-221.
District Court of Appeal of Florida, First District.
February 18, 1982.
Thomas W. Davis of Barton, Cox & Davis, Gainesville, for appellant.
Toby S. Monaco of Dell, Graham, Willcox, Barber, Henderson, Monaco & Cates, Gainesville, for appellee.
PER CURIAM.
Among the several issues presented in this worker's compensation appeal, claimant contends that the deputy commissioner erred in setting his average weekly wage at $250 per week. We agree and reverse.
The facts underlying this appeal are somewhat unusual. When claimant suffered a compensable injury to his back and neck on July 7, 1977, he was employed as an independent contractor truck driver for Gainesville Bonded Warehouse, a furniture-moving common carrier. Despite his status, he was covered by worker's compensation insurance.
As an independent contractor, claimant did not receive a straight salary. Rather, as both he and his employer agree, claimant's "wages" were determined by deducting his various business expenses from his gross receipts. In the three months prior to his accident, claimant's trucking operation grossed $13,616.16. During this period he made payments of $755 per month toward the lease-purchase of his tractor-trailer; his fuel and repair bills amounted to $2,130.68; and, his payments to his co-driver amounted to $2,800. Subtracting these deductions from his gross receipts leaves a net of *1206 $6,520.48. Claimant also indicated that he spent approximately $20 per day on the road for his personal expenses. Just how many days he spent on the road during this thirteen-week period is not clear from this record; however, he did indicate that the more he drove, the more he earned.
During the course of his deposition testimony claimant indicated that, for the year of 1977, he had an average net per month of approximately $1,000. Apparently relying upon this testimony, the deputy commissioner set the claimant's average weekly wage at $250 per week.
Where a claimant has been employed regularly for thirteen weeks prior to his compensable accident, his or her average weekly wage for that period shall be computed pursuant to Section 440.14(1)(a), Florida Statutes (1977). Silver Springs, Inc. v. Scardo, 408 So.2d 844 (Fla. 1st DCA 1982); Adams v. Florida Industrial Commission, 110 So.2d 455 (Fla. 1st DCA 1959). This particular method of computation must be used regardless of whether the claimant is working during a slack or busy period of time. See Waymire v. Florida Industrial Commission, 174 So.2d 404 (Fla. 1965). Therefore, the deputy has erroneously relied upon the claimant's testimony regarding his monthly wages for 1977, especially since the record indicates that he was unable to work at his usual pace after the accident. We therefore must remand this cause for a recomputation of the claimant's average weekly wage pursuant to Section 440.14(1)(a). In view of the ambiguity in the record regarding the exact nature and amount of the claimant's business expenses, particularly concerning his personal expenses for the days that he was on the road, the deputy shall hold hearings, receive evidence, and make such additional findings as may be necessary to establish the claimant's business expenses and thereby appropriately determine his average weekly wage. In this context, however, we note that claimant's payments toward the lease-purchase of his truck shall be considered business expenses, and not wages.
We have considered claimant's argument for additional temporary total disability benefits and find it to be without merit. However, upon remand his attorney's fees shall be recomputed in light of any increased benefits which he may receive.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
McCORD, ERVIN and SHAW, JJ., concur.