427 So.2d 1094 (1983)
Jeffrey APHOLZ, Appellant,
v.
NORTH AMERICAN VAN LINES and Liberty Mutual Insurance Co., Appellees.
No. AM-415.
District Court of Appeal of Florida, First District.
March 15, 1983.
*1095 Bill McCabe, of Shepherd, McCabe & Cooley, Orlando, for appellant.
Bernard J. Zimmerman and Michael M. O'Brien, of Akerman, Senterfitt & Eidson, Orlando, for appellees.
WIGGINTON, Judge.
As the sole issue presented in this appeal, claimant contends the deputy commissioner erred in setting his average weekly wage at $581.40. We agree and reverse.
This case is remarkably similar to Coles v. Gainesville Bonded Warehouse, 409 So.2d 1205 (Fla. 1st DCA 1982), on which we rely for our holding. As happened in Coles, claimant herein suffered a compensable injury to his back on August 16, 1979, while employed as an independent contractor truck driver for North American Van Lines, a furniture-moving common carrier. Despite his status, the parties stipulated that an employer-employee relationship existed.
As an independent contractor, claimant did not receive a straight salary. Rather, he was paid a commission of 48% of his line haul transportation as a transportation charge plus a commission on "extras," such as when there was an exceptional distance from the van to the home. From these commissions, claimant paid his various business expenses.
The deputy apparently arrived at claimant's average weekly wage by deducting certain business expenses from claimant's gross earnings for 1979, and thereafter dividing that sum by the number of weeks during that period. However, the deputy erred. We reiterate our holding in Coles that
[w]here [as here] a claimant has been employed regularly for thirteen weeks prior to his compensable accident, his or her average weekly wage for that period shall be computed pursuant to Section 440.14(1)(a), Florida Statutes ... We therefore must remand this cause for recomputation of the claimant's average weekly wage pursuant to Section 440.14(1)(a). In view of the ambiguity in the record regarding the exact nature and amount of the claimant's business expenses ... the deputy shall hold hearings, receive evidence, and make such additional findings as may be necessary to establish the claimant's business expenses and thereby appropriately determine his average weekly wage ...
409 So.2d at 1206. In this regard, claimant's payments toward the purchase of his tractor shall be considered business expenses, not wages.
REVERSED and REMANDED for further proceedings consistent with this opinion.
BOOTH and NIMMONS, JJ., concur.