459 So.2d 422 (1984)
FLORIDA TIMBER PRODUCTS, the Employer, and Professional Administrators, Inc., Its Servicing Agent, Appellant,
v.
Felton WILLIAMS, Appellee.
No. AY-350.
District Court of Appeal of Florida, First District.
November 15, 1984.
Rehearing Denied December 20, 1984.
Charles Vocelle of Brannon, Brown, Norris, Vocelle, Haley, Brown & Robinson, Lake City, for appellant.
Patrick O. Helm of Barton, Davis, Fernandez & Jamieson, Gainesville, for appellee.
THOMPSON, Judge.
The appellant Florida Timber Products contends the deputy commissioner (deputy) erred in calculating the claimant's average *423 weekly wage (AWW). We agree and reverse.
The claimant is an independent contractor who runs a logging crew and sells timber to the appellant. Prior to the accident he elected to secure workers' compensation coverage for himself pursuant to § 440.04(2), Fla. Stat., and obtained this insurance through appellant. Claimant furnishes all of the equipment, labor, fuel and other costs necessary to get his timber out of the woods and to the mill. He has legal title to all of his equipment although he still owes money on some equipment which he purchased from appellant. The claimant agreed to make payments of $150 per week for the equipment he was purchasing provided he produced enough wood and made enough money to be able to afford that amount. If for some reason claimant had a bad week the appellant would deduct some lesser amount from his check or nothing at all. During the 13 weeks prior to his accident, the claimant paid an average of only $29 per week on the equipment.
In defending the claim before the deputy, appellant urged that for purposes of calculating the AWW, the reasonable value of the use of claimant's equipment should be considered a business expense and should be deducted from his gross weekly earnings. Appellant attempted to prove the reasonable value of the use of all of claimant's equipment by proving its weekly rental value. Neither of the "expert" witnesses produced by appellant were in the equipment rental business and their testimony was objected to by the claimant. The deputy admitted all evidence and advised the parties that she would later determine which evidence was properly admissible and which was not. In her order she ruled that only the actual proven business expenses during the 13-week period preceding the accident should be deducted from claimant's gross income in order to arrive at the AWW. Relying on Coles v. Gainesville Bonded Warehouse, 409 So.2d 1205 (Fla. 1st DCA 1982), and Apholz v. North American Van Lines, 427 So.2d 1094 (Fla. 1st DCA 1983) she placed the value of the use of all of claimant's equipment at only $29 per week, which was the amount claimant actually paid out for the equipment during the applicable 13-week period.
The Gainesville Bonded Warehouse and North American Van Lines cases are factually distinguishable and are not controlling in this case. Both of these cases involved a lease purchase of equipment. The lease or rental of business equipment from the employer or any other person is a business expense. The purchase of equipment on a deferred payment basis or the repayment of a loan to purchase equipment is not a business expense but a capital investment which under standard accounting procedures is depreciated over the reasonable life of the equipment. The reasonable rental value of the equipment is not a proper basis for determining the expense to be alloted to the equipment. The reasonable depreciation attributable to all equipment, both owned and being purchased by the claimant for the 13-week period prior to claimant's accident, is the proper business expense to be attributed to the equipment. In addition, other expenses for the 13-week period including labor, fuel and repair bills, insurance and other various business expenses during the 13-week period prior to the accident should be deducted from claimant's gross receipts in order to arrive at the proper average weekly wage.
REVERSED and REMANDED for further proceedings consistent with this opinion.
BOOTH and SMITH, JJ., concur.