481 So.2d 83 (1986)
PAUL H. COWART/BUILDING SPECIALTY and Whiting National Services, Inc., Appellants,
v.
Annette COWART, Appellee.
No. BF-374.
District Court of Appeal of Florida, First District.
January 3, 1986.
C. Thomas Ferrar, Altamonte Springs, for appellants.
Bill McCabe of Shepherd, McCabe & Cooley and Edward H. Hurt, Sr. of Hurt, Parrish & Dalton, Orlando, for appellee.
THOMPSON, Judge.
In this appeal the sole contention of the appellant employer/carrier is that the deputy commissioner (deputy) erred in calculating *84 the claimant's average weekly wage (AWW). We agree and reverse.
The claimant testified that she is the sole employee of her husband's carpet and floor coverings installation business. Both the claimant and her husband indicated that the husband subcontracts to perform installation work for carpet dealers and contractors, and that the husband is paid on the basis of the number of yards of carpet and vinyl that he lays each week. He must pay his own expenses, e.g., for his van and tools, and for installation materials such as glue, carpet tape, etc. Both the claimant and her husband testified that their employment agreement required that the claimant be paid 40 percent of the income of the business, and that all business expenses be paid by the husband out of his 60 percent share.
Both in deposition and at the hearing the claimant gave somewhat contradictory testimony, at times indicating that she received 40 percent of the net income of the business, and at other times indicating that she received 40 percent of the gross. In his deposition the husband also gave somewhat contradictory testimony on the question whether the claimant received 40 percent of the gross receipts of the business or 40 percent of the net. However, the clear import of the testimony of both the claimant and her husband was that she was paid 40 percent of the gross, and both she and her husband unequivocally testified that all business expenses were paid by the husband. By contrast, the joint income tax returns of the claimant and her husband for the years 1981, 1982, and 1983 showed that the claimant and her husband respectively received 40 percent and 60 percent of the net income from the business. The tax returns further showed that the expenses of the business for the period 1981 through 1983 averaged 65.7 percent of the gross receipts. Although the husband testified that the tax returns were prepared by his accountant, and that the allocation of income therein did not reflect the actual agreement between him and the claimant, there was not even a suggestion by either the claimant or her husband that the returns did not state the true income/expense ratio of the business. Obviously, if the business expenses exceeded 60 percent of the gross receipts, and if the husband paid the claimant 40 percent of the gross receipts, as both he and the claimant testified he did, he not only would have received nothing for his labors in connection with the business, but would have had to go into debt in order to pay the claimant's wages. In view of this irrefutable mathematical fact, the testimony of the claimant and her husband that she was paid 40 percent of the gross receipts of the business must be held utterly incredible, and the decision of the deputy to accept such testimony must be ruled error.
In order to be sufficient to support a conclusion, evidence must be more than competent, it must be substantial and must accord with logic and reason as well. U.S. Casualty Company v. Maryland Casualty Company, 55 So.2d 741 (Fla. 1951); Dixie Lime and Stone Company v. Lott, 196 So.2d 422 (Fla. 1967). The fact that a witness may be competent to testify about a particular subject does not mean that any and all evidence given by the witness concerning that subject may be automatically accepted and relied upon by the deputy. Although given by a competent witness, evidence which is entirely incredible and which fails to accord with logic and reason cannot constitute competent substantial evidence on the question at hand, no matter how convincing the demeanor of the witness nor how seemingly solid and unshakeable his or her testimony. Indeed, Webster's Third New International Dictionary (unabridged) includes among its definitions of the word "substantial" the statement "consisting of, relating to, sharing the nature of, or constituting substance ... material ... not seeming or imaginary. ..." (Emphasis supplied.) This court may examine an order of the deputy to determine whether it is supported by competent substantial evidence according with logic and reason. Dixie Lime and Stone Company. Because the deputy's findings in this case *85 with respect to the claimant's AWW were not supported by competent substantial evidence comporting with logic and reason, the order herein appealed is REVERSED.
REVERSED and REMANDED for further proceedings consistent with this opinion.
WENTWORTH and JOANOS, JJ., concur.