SHIVERS, Judge.
Alex Anstead, claimant in this worker’s compensation case, appeals the deputy commissioner’s application of Section 440.-14(l)(a), Fla.Stat. (1983)[1] rather than Section 440.14(l)(c), Fla.Stat. (1983)[2] to determine his average weekly wage. We affirm.
At the time of his injury, May 24, 1984, Anstead was employed as a door-to-door sales representative for Cox Broadcasting in Gainesville, Florida. He sold and installed cable service. Anstead filed a claim for benefits seeking an increase in his average weekly wage based on 440.14(l)(c). The deputy found the statute to be inapplicable because Anstead had worked substantially for the 13 weeks preceding his accident and because Anstead was not a seasonal worker.
We find there was competent substantial evidence to support the deputy’s finding that claimant was not a seasonal worker. This court has held that a job in the canning industry subject to layoffs is seasonal. Plymouth Citrus Products v. Woodard, 450 So.2d 317 (Fla. 1st DCA 1984). In this case there was testimony that commissions earned tended to increase substantially twice a year coinciding with the return of the student body to Gaines-ville for classes. However, claimant testified he worked full-time even during his slower periods. Cox Broadcasting operated all year round. Furthermore, there was testimony that fluctuations in claimant’s commissions could have been due to reasons other than seasonal factors. For instance, a salesperson’s commission can *199 vary greatly according to how good a salesperson he is, some geographical areas are more lucrative than others and those who sell in those more lucrative areas make more money. Other testimony demonstrated that even within a peak period business in the same area would fluctuate greatly.
We hold that the deputy erred in finding that 440.14(l)(c) was inapplicable merely because Anstead had worked substantially the 13 weeks preceding the accident, however, this error was harmless. Section 440.14(1), Fla.Stat. (1983) sets forth four alternative methods used to determine average weekly wage. The legislature has prescribed 440.14(l)(a) as the preferred compensation rate base unless the use of that particular period is unfair or unreasonable. Silver Springs, Inc. v. Scardo, 408 So.2d 844, 845 (Fla. 1st DCA 1982). Subsection (l)(a) determines average weekly wage based on the average of wages earned for the 13 week period prior to the accident.
In Adams v. Florida Industrial Commission, 110 So.2d 455 (Fla. 1st DCA 1959), the claimant, an orange picker, remained employed all year round but the 13 week period prior to his accident was the slowest time of the year. This court held it was absolutely bound to use Section 440.14(1) (now 440.14(l)(a)) because the claimant had worked substantially for the 13 weeks prior to his accident. Id. In 1974, the Florida legislature promulgated the seasonal worker provision (440.14(l)(c)) seemingly to rectify those unjust situations where a seasonal worker is injured during his slow or unemployed period.
Before the promulgation of subsection (c), the Florida Supreme Court held that when the method of calculation under'440.-14(1) (now 440.14(l)(a)) is factually available, then it should be followed. Waymire v. Florida Industrial Commission, 174 So.2d 404, 406 (Fla.1965). Even subsequent to Section 440.14(l)(c) this court continued to hold that a claimant’s average weekly wage must be determined according to the 13 week standard regardless of whether the 13 week period was during a slack or a busy time for a claimant whose earnings fluctuate according to the level of business activity. Apholz v. North American Van Lines, 427 So.2d 1094, 1095 (Fla. 1st DCA 1983); Coles v. Gainesville Bonded Warehouse, 409 So.2d 1205 (Fla. 1st DCA 1982).
However, Coles and Apholz can be distinguished from this case. In neither of those cases was there an attempt by the claimant to have his average weekly wage determined under the seasonal worker provision. See also, DesFosses v. Carillon Hotel, 389 So.2d 228, 229 (Fla. 1st DCA 1980). Thus, the application of subsection (l)(a) by the deputy was proper. We hold that the deputy was obligated here to determine whether 440.14(l)(c) was applicable regardless of whether or not the claimant worked substantially the 13 weeks prior to his accident because Anstead made a specific attempt to be characterized as a seasonal employee.
The deputy’s determination that subsection (c) was inapplicable because An-stead had worked substantially the 13 weeks prior to his accident was harmless error since the deputy also made a determination supported by competent substantial evidence that Anstead was not a seasonal employee under the meaning of subsection (c).
AFFIRMED.
THOMPSON, J., concurs.
ERVIN, J., specially concurs, with written opinion.

. Section 440.14(l)(a) Fla.Stat. (1983) provides: If the injured employee has worked in the employment in which he was working at the time of the injury, ..., during substantially the whole of 13 weeks immediately preceding the injury, his average weekly wage shall be one-thirteenth of the total amount of wages earned in such employment during the 13 weeks.

. Section 440.14(l)(c), Fla.Stat. (1983) provides:
If an employee is a seasonal worker and the foregoing method cannot be fairly applied in determining the average weekly wage, then the employee may use, instead of the 13 weeks immediately preceding the injury, the calendar year or the 52 weeks immediately preceding the injury.