527 So.2d 936 (1988)
CITY OF HIALEAH and Alexsis, Inc., Appellants,
v.
Rodolfo JIMENEZ, Appellee.
No. 87-461.
District Court of Appeal of Florida, First District.
June 30, 1988.
*937 John F. McMath, Miami, for appellants.
Barry A. Pemsler of Richard & Pemsler, Miami, for appellee.
WENTWORTH, Judge.
Employer/servicing agent seek review of a workers' compensation order by which claimant was awarded chiropractic care and compensation for temporary partial disability and wage loss. We affirm the order appealed.
Claimant injured his back on his first day of employment as a garbage collector when he fell while carrying a heavy container. After receiving medical treatment claimant was initially discharged, but continued to experience pain and difficulty with his back. He subsequently filed a claim requesting various benefits including orthopedic and chiropractic care. He was then sent to an orthopedic physician who determined that claimant had sustained a permanent impairment and functional disability due to his back injury. Although he continued to experience difficulty with his back claimant was not furnished the chiropractic care which he had requested. Claimant obtained such treatment on his own and pursued the claim before a deputy commissioner.
The deputy awarded the requested chiropractic treatment after a hearing at which evidence was presented that such palliative care is both a reasonable and necessary treatment for claimant's back injury. Claimant had expressly requested chiropractic care as a specific alternative treatment, and the provision of an orthopedic physician did not satisfy the employer's obligation with regard to this request. See Kirkland v. Harold Pratt Paving, 518 So.2d 1320 (Fla. 1st DCA 1987). The employer was thus properly required to pay for chiropractic treatment which the claimant obtained after request, insofar as such treatment was determined to be reasonable and necessary. See Kirkland v. Harold Pratt Paving, supra; section 440.13(2)(b), Florida Statutes.
The deputy also resolved the parties' dispute regarding claimant's average weekly wage. Since claimant had been working for only one day at the time of his injury, and there was no proof of any similar employee, the average weekly wage determination was based upon claimant's full-time weekly wages in accordance with section 440.14(1)(d), Florida Statutes. Employer/servicing agent argue that claimant's proof was speculative as to the amount of his wages and did not negate the possibility of a similar employee.
*938 It is the claimant's burden to establish the average weekly wage. See Linderman v. Kirkland's Restaurant, 127 So.2d 888 (Fla. 1961). Claimant satisfied this initial burden in the present case by presenting testimony and documentary evidence as to the duration of his employment and his rate of pay. If a similar employee did exist, so as to warrant an average weekly wage determination in accordance with section 440.14(1)(b), Florida Statutes, employer/servicing agent could have produced evidence in this regard. Such proof is more readily within the employer's control and, claimant having satisfied the initial burden, insofar as it is the employer/servicing agent seeking to minimize claimant's average weekly wage they should have presented such evidence if it exists. See Alterman Transport Lines Inc. v. Goetzman, 430 So.2d 486 (Fla. 1st DCA 1983); cf., Homestead Tomato Packing v. Daniels, 420 So.2d 109 (Fla. 1st DCA 1982).
After the industrial injury claimant became self-employed, driving his own bus. In determining claimant's post-injury earnings for an award of wage loss benefits pursuant to section 440.15(3)(b), Florida Statutes, the deputy utilized claimant's net earnings after deducting business expenses. This methodology has been approved in Apholz v. North American Van Lines, 427 So.2d 1094 (Fla. 1st DCA 1983), and Coles v. Gainesville Bonded Warehouse, 409 So.2d 1205 (Fla. 1st DCA 1982). While Apholz and Coles involved claimants working as independent contractors after their industry injuries, the rationale of those cases is likewise applicable to the self-employed claimant in the present case. The deputy properly deducted business expenses from gross receipts to establish claimant's post-injury earnings for the purpose of assessing wage loss.
The order appealed is affirmed.
ZEHMER and BARFIELD, JJ., concur.