BARFIELD, Judge.
The employer appeals from a final order of the deputy commissioner awarding worker’s compensation benefits. We find that competent, substantial evidence supports the deputy’s finding that claimant’s back condition was causally related to his industrial accident, and we affirm the award of temporary partial disability benefits and the order requiring the employer to provide and pay for chiropractic care. We also affirm the award of attorney’s fee and costs. Section 440.34(3)(c), Florida Statutes (1987). However, we find that the deputy erred in computing the claimant’s average weekly wage, and we reverse and remand for recomputation of the average weekly wage, pursuant to section 440.-14(l)(a), Florida Statutes (1987).
Claimant did not work a conventional work week. He was a long distance truck driver, continuously on the road for 2-3 weeks at a time and then off for 4-5 days before returning to work. Recognizing the irregularity of claimant’s work hours, the deputy commissioner found that the statement of claimant’s weekly earnings, on its face, showed that claimant did not work the entire 13 weeks prior to the accident, despite the employer’s assertions to the contrary. The deputy concluded that, based on the employer’s records, the claimant worked no more than 80 days, which was less than 90% of the 91 day period preceding the accident, thus, the procedure for determining pay under section 440.-14(l)(a), was inapplicable. The deputy also found that there was no evidence of a similar employee’s wages, section 440.-14(l)(b), or that claimant was a seasonal employee, section 440.14(l)(c). Therefore, the deputy used claimant’s full-time weekly wages to calculate his average weekly wage, pursuant to section 440.14(l)(d). Finding that claimant worked 10 weeks during the 13 week period and earned $7007.33, the deputy computed the average weekly wage to be $700.73.
The deputy’s finding that claimant must work more than 80 days of the 91 day period in order to satisfy the requirements of section 440.14(l)(a), is not supported by *338 the statute or any caselaw interpreting the statute. Section 440.14(l)(a), provides that if an injured employee was working during substantially the whole of 13 weeks before the accident, i.e., 90% of the total customary full-time hours of employment within the preceding 91 days, then his average weekly wage should be determined to be one-thirteenth of the total amount of wages earned in the employment during the 13 weeks. Section 440.14(l)(d), authorizes the use of the claimant’s full-time weekly wages, if any of the alternative methods cannot be reasonably or fairly applied. Certainly, as in the instant ease, an employee can work less than 90% of the total working days during the 13 week period and still work 90% of the total customary full-time hours of employment during the 13 week period. Rivers v. SCA Services of Florida, Inc., 465 So.2d 634, 635 (Fla. 1st DCA 1985). In general, where an employee was working continuously and regularly for the 13 week period preceding the com-pensable accident, his average weekly wage must be computed pursuant to the procedure set forth in section 440.14(l)(a). Apholz v. North American Van Lines, 427 So.2d 1094 (Fla. 1st DCA 1983); Coles v. Gainesville Bonded Warehouse, 409 So.2d 1205 (Fla. 1st DCA 1982); Silver Springs, Inc. v. Scardo, 408 So.2d 844 (Fla. 1st DCA 1982); Adams v. Florida Industrial Commission, 110 So.2d 455 (Fla. 1st DCA 1959), app. dism., 115 So.2d 417 (Fla.1959).
While the schedule of weekly earnings shows that claimant did not receive a pay check for three of the thirteen pay periods, the schedule does not accurately reflect the number of days or hours claimant worked during that the 13 week period. It is un-contradicted that claimant was employed with the employer for approximately five months prior to the accident. Claimant testified that during the 13 week period at issue, he made all two week trips, except for one three week trip. He took off ten days to attend his daughter’s wedding, but only seven of those ten days fell at the very beginning of the 91 day period. The record does not indicate that claimant took any other time off, except the customary 4-5 days between trips. Under these circumstances, we conclude that there was no competent, substantial evidence to support the deputy’s finding that claimant did not work during substantially the 13 week period at issue.[1]
We REVERSE and REMAND for recom-putation of claimant’s average weekly wage, pursuant to the procedure set forth in section 440.14(l)(a).
SHIVERS, C.J., and SMITH, J., concur.

. Even if we were to accept the deputy commissioner's approach to determining pay based solely on the number of days an employee worked, a conventional work week of 40 hours and 5 days produces 65 days of work in a 13 week period, and 90% of 65 equals 58.5 days. The employer persuasively argued that the payroll ledger indicated that claimant received a $10 per diem for 62 days of the 91 day period. The testimony of the claimant and the employer’s director of workers' compensation established that it was customary for drivers not to be paid a per diem for the first and last days of a trip. Therefore, it is clear that claimant worked at least 62 days of the 91 day period preceding the accident.