NIMMONS, Judge.
In this workers’ compensation appeal the E/C assert that the deputy erred in the calculation of appellee's average weekly wage (AWW). We agree and reverse as to that issue but affirm on the other issues.
Appellee/claimant John Happle owns and operates, from his home, Happle Solar Contractors, a business which installs solar heating panels. Appellee’s wife handles the bookkeeping for the business. There is no separate checking account for expenses of the business; the household expenses of appellee and his family are paid from the same checking account as are the business expenses. Appellee and his wife also receive “draws” from this account by writing checks to themselves. Mrs. Happle calculated appellee’s income for the 13 weeks before the accident by collecting the checks written for that period and excluding those that she felt were attributable to business expenses. Although Mrs. Happle testified that she received a salary, she and appellee had never agreed upon how much she was to receive and she just wrote a check to herself on the account whenever she was short or needed it. Checks written to her were included in the calculation; i.e. such sums were not taken into consideration as a deduction from any “draw” determined for her husband in arriving at his AWW. She maintained that the amount of the checks attributable to draws and non-business expenses represented the actual income of the business. The deputy found that this evidence sufficiently demonstrated what appellee was earning from the business in the 13 weeks prior to his injury, and therefore established the amount of AWW. On remand, in recalculating AWW the deputy shall determine the amounts paid to Mrs. Happle for her services as bookkeeper for the firm and shall exclude such sums in calculating appellee’s AWW.
Pursuant to Section 440.14(l)(a), Florida Statutes (1983), where the claimant has been employed regularly during substantially the whole of the 13 weeks prior to the accident (as appellee has), AWW is to be measured by how much the claimant earned,, not necessarily how much he was actually paid during the time period. Haynes v. Gordon Haynes State Certified General Contractors, 506 So.2d 471 (Fla. 1st DCA 1987). In Haynes, we directed that upon remand the deputy determine how many hours or days the claimant had worked during the 13 weeks before the accident and establish the reasonable value of the work performed. In Witzky v. West Coast Duplicating & Claims Center, 503 So.2d 1327 (Fla. 1st DCA 1987), we reversed the deputy’s calculation of AWW which utilized the amount of commission income paid to a claimant/salesman rather than the amount of commissions earned by closings during the 13 week period.[1]
In the instant case the deputy has calculated how much appellee earned by how' much he spent. We therefore remand for further findings, and the taking of further evidence if necessary, regarding the value *1037 of work actually performed by appellee during the 13 week measuring period.
As appellants point out, we have previously held that a determination of AWW for a self-employed claimant must include an offset for business expenses. We find that this case is governed by Florida Timber Products v. Williams, 459 So.2d 422 (Fla. 1st DCA 1984). In Williams the claimant, Williams, was an independent contractor who ran a logging crew and sold timber to Florida Timber Products, which was the equivalent of Williams’ employer for workers’ compensation purposes. The claimant furnished all of the equipment (which he owned), labor, and other costs associated with the logging operation. We held that:
The reasonable depreciation attributable to all equipment, both owned and being purchased by the claimant for the 13-week period prior to claimant’s accident, is the proper business expense to be attributed to the equipment. In addition, other expenses for the 13-week period including labor, fuel and repair bills, insurance and other various business expenses during the 13-week prior to the accident should be deducted from claimant’s gross receipts in order to arrive at the proper average weekly wage.
Id. at 423.
In Alterman Transport Lines, Inc. v. Goetzman, 430 So.2d 486 (Fla. 1st DCA 1983), on the other hand, we adopted the rule that
where an employee furnishes both services and equipment, and the furnishing of equipment is a substantial portion of the employment contract, in determining the employee’s average weekly wage the rental value of such equipment should be deducted from the total recompense paid.
Id. at 487.
We distinguish Alterman on the ground that it cannot be said in the instant case that “the furnishing of equipment [by the employee] is a substantial portion of the employment contract” where the equipment is as much owned by the employer as by the employee. The employer is clearly not “renting” the use of the equipment which it owns. The depreciation of the equipment is the proper measure where, as here, that expense is ultimately borne by the employee through the employer. We therefore follow Florida Timber, in which we specifically found that the reasonable rental value of the equipment is not the proper basis for determining the expense to allocate to the equipment.
We have examined the other issues raised by appellant and find them to be without merit.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion. If necessary, the deputy may receive additional evidence.
SHIVERS, C.J., and WENTWORTH, J., concur.

. We have previously noted, in Witzky and other cases, the rigidity and attendant potential for unfairness to both employer and employee of the statutory method for calculating AWW.