NIMMONS, Judge.
In this workers’ compensation case the employer/carrier appeals the deputy’s order awarding wage loss. We find the deputy’s ruling unsupported by competent substantial evidence and reverse.
This case has been the subject of a prior compensation order which was entered in February 1987 and became final without being appealed; the order under review in this appeal was entered in May 1988. Ap-pellee was employed as a skycap at the West Palm Beach International Airport, and the majority of his income was derived from tips. He suffered his industrial injury April 14, 1980 and reached maximum medical improvement July 29, 1985. Setting his average weekly wage (AWW) was difficult because appellee and his co-workers followed a pattern of not keeping an accurate record of the amount of money received in tips. Deputy Pumpian found that the testimony of appellee and his coworkers regarding the amount of the tips was unworthy of belief, and ruled in the February 1987 order that appellee’s AWW was to include $50.00 per day in tips.
Appellee retired from his position as a skycap in March 1987, and later filed a claim for wage loss benefits, which included the period of January 1987 through March 1987 when his income from tips was reduced by absenteeism related to his industrial injury. The only evidence of the amount of the skycaps’ tip income during *1040 this period was appellee’s testimony that he earned between $125 and $175 per day in tips when he worked a full day. Appellee did not list any income from tips on his wage loss forms which he submitted for January 1987 through March 1987. In his order, which is the subject of the instant appeal, Deputy Cullen stated:
The previous order in this case found that the claimant earned $50.00 per day in tips. Accordingly, the wage loss forms submitted should be amended to reflect the fact that the claimant received $50.00 per day in tips. This amount should be factored in to determine the appropriate amount of wage loss benefits due for these months.
The order does not refer to appel-lee’s testimony. We agree with appellants that appellee’s 1980 income of $50.00 per day in tips does not constitute competent substantial evidence of appellee’s earnings in 1987. We further find that the deputy’s finding constitutes an implicit rejection of the only evidence on this issue, appellee’s testimony. It follows, therefore, that there is no competent substantial evidence to establish the amount of appellee’s wage loss for the months of January 1987 through March 1987. It is the claimant’s burden to establish entitlement to wage loss benefits. Snowdon v. Sambo’s, 491 So.2d 1154 (Fla. 1st DCA 1986); Holiday Care Center v. Scriven, 418 So.2d 322 (Fla. 1st DCA 1982). Since appellee has failed to do so, we reverse the award of wage loss benefits for January 1987 through March 1987.[1]
REVERSED.
WENTWORTH and MINER, JJ., concur.

. We recognize that the deputy’s prerogative to reject the claimant’s testimony on the ground that the claimant is not credible is limited by the requirement that some justification be shown for a finding that the claimant lacks credibility. Walker v. Allied Septic Tanks, 522 So.2d 456 (Fla. 1st DCA 1988); Calleyro v. Mt. Sinai Hospital, 504 So.2d 1336 (Fla. 1st DCA 1987). In the instant case, however, the claimant has been found in a previous order to lack credibility regarding the amount of his earnings; furthermore, the claimant urges on appeal that the $50.00 a day determination should be affirmed because the deputy was entitled to reject his testimony.