567 So.2d 972 (1990)
WESTERN AUTO and Aetna Casualty & Surety Company, Appellants,
v.
Howard MOORE, Appellee.
No. 89-509.
District Court of Appeal of Florida, First District.
October 2, 1990.
*973 Joseph Murphy, Tampa, for appellants.
Scott A. Schieb of Alex Lancaster, P.A., Sarasota, for appellee.
BOOTH, Judge.
This cause is before us on appeal of an order setting average weekly wage (AWW) and compensation rate of claimant, a 35-year-old automobile mechanic who injured his neck on February 17, 1988. Claimant testified that during 1987, he was earning between $6.75 and $6.95 hourly, and working 40 hours per week. He further testified that during the first week of January 1988, or January 15, 1988, his hourly wage increased to $7.35 per hour.
At the time of the hearing, the E/C submitted a schedule of earnings for the 13 weeks preceding the injury, reflecting an hourly rate of $6.00 per hour and an average work week of less than 40 hours. Claimant testified, however, that the E/C's schedule was incorrect since it did not reflect the correct hourly rate and hours worked, and did not show $103 deducted from his pay every two weeks for child support. Claimant stated he had pay stubs at home for the time period in question that would corroborate his testimony. Claimant offered to bring in these records.[1]
After the hearing, claimant submitted three pay stubs,[2] but none were for the 13-week period preceding the February 1987 injury. Two of his pay stubs showed earnings of $6.00 per hour during the four weeks of August 1987 and a work week of approximately 35 hours. Neither of these stubs showed any deduction for child support. The third pay stub, for two weeks in June 1988, showed earnings of $7.13 per hour and a work week of 33 hours. This stub reflected an unspecified court-ordered deduction of $103 against claimant's gross earnings.[3]
The judge of compensation claims found it was impossible to reconcile the disparity between claimant's evidence and that of the E/C. He considered pay stubs as well as claimant's testimony and ruled that claimant's hourly pay rate was $6.75 for the first 7 of the 13 weeks preceding the accident. For the remaining 6 weeks of the 13-week period, the judge found that claimant was paid $7.13 per hour. The judge also found that claimant worked 40 hours per week for each of the 13 weeks preceding his injury. The judge then, apparently, multiplied seven weeks times $6.75 and six weeks times $7.13, added the results to obtain a figure that was multiplied by 40 (hours), and divided by 13 (weeks). The result was his determination *974 of an AWW of $277.02. This appeal followed.
On appeal, the E/C contend that they submitted the only competent evidence of earnings for the 13-week period preceding the accident and that the judge was required to use that evidence to determine the AWW under the method provided in Section 440.14(1)(a), Florida Statutes. We hold that the judge, as finder of fact, was entitled to resolve conflicts and to reject evidence which the judge believes is unreliable. The judge was not, therefore, required to accept the E/C's schedule of earnings as evidence of AWW.
We must next consider what competent evidence of AWW remains after the judge's rejection of the E/C's evidence. Claimant testified that for the year of 1987, he earned $6.75 to $6.95 hourly and for the year 1988, $7.35 per hour. He testified that he worked 40 hours per week both years. However, claimant submitted pay stubs which contradict his testimony both as to the hourly rate and the hours worked. Thus, the pay stubs for 1987 show an hourly rate of $6.00 and a work week which averages approximately 35 hours.[4]
The 1988 pay stub also contradicts claimant's testimony that beginning sometime in January of 1988, he earned $7.35 per hour and worked 40 hours per week. The stub shows earnings of $7.13 per hour and a work week averaging only 33 hours.[5] Thus, the documentary evidence submitted by claimant refutes, rather than supports, claimant's testimony.
In the order sought to be reviewed, the judge recognizes the discrepancy in claimant's evidence but, instead of addressing that discrepancy, finds that the pay stubs are "probative of the accuracy of claimant's testimony."
The pay stubs are not probative, however, of either the 40-hour work week or the wage rates testified to by claimant. Thus, it cannot be said that the pay stubs support the accuracy of claimant's testimony. The judge erred in so ruling. The judge also erred in setting AWW in reliance on claimant's evidence without resolving the obvious discrepancy.
The burden is on the claimant, not the E/C, to establish AWW. See Aircraft Services International v. Rucker, 547 So.2d 1039, 1040 (Fla. 1st DCA 1989), City of Hialeah v. Jimenez, 527 So.2d 936, 938 (Fla. 1st DCA 1988); O.T. Sims & Associates v. Merchant, 435 So.2d 884, 886 (Fla. 1st DCA 1983). That burden can be met by the claimant's own testimony so long as that testimony is competent, substantial, and consistent with logic and reason. Paul H. Cowart/Building Specialty v. Cowart, 481 So.2d 83, 84 (Fla. 1st DCA 1986); Regal Marine Industries v. Cappucci, 523 So.2d 766, 767 (Fla. 1st DCA 1988).
In Paul H. Cowart/Building, supra, and in Regal Marine, supra, this court reversed because in each case AWW was based on conflicting, self-contradictory evidence submitted by the claimant. In the Cowart case, the judge fixed the AWW based on the testimony of claimant and of her husband that her salary was 40 percent of the gross receipts of the business. Claimant's husband also testified that the joint income tax returns showing 40 percent of the net being paid to claimant were prepared by an accountant and did not correctly reflect the actual agreement between him and the claimant. In reversing AWW, this court ruled that the claimant *975 did not dispute the correctness of the income/expense ratio of the business as shown on her tax return and that in view of that ratio, her testimony that she was paid 40 percent of the gross receipts was incredible and would not support the judge's determination of AWW, holding (481 So.2d at 84) that "[i]n order to be sufficient to support a conclusion, evidence must be more than competent, it must be substantial and must accord with logic and reason as well."
In the Regal Marine case, claimant sought to prove AWW by the testimony of his father, who was his supervisor, as well as by three check stubs dated after the accident. This court reversed, holding that the father's testimony was conflicting and hearsay, and that the check stubs were of minimal probative value. The court ruled, in particular, that the father's testimony as to hours worked conflicted with that shown on the check stubs, which showed less than a 30-hour week and further stated (523 So.2d at 767): "If claimant was able to obtain check stubs for three overtime payments allegedly reflecting payments after the accident, surely he could have produced some sort of documentary evidence as to his earnings during the 13-week period prior to his accident."
In the instant case, claimant could have requested pay records from the employer for the 13 weeks in question. Instead, he produced pay stubs for other time periods. Further, the stubs he produced were contrary to and belied his own testimony. As a result, there is no competent, substantial evidence which accords with logic and reason to support a determination of AWW.[6]
Finally, we address the question of the proper application of Section 440.14(1)(a), Florida Statutes, which sets out the method of determining AWW where the claimant has worked more than 13 weeks prior to the accident as follows: "[the] average weekly wage shall be one-thirteenth of the total amount of wages earned in such employment during the 13 weeks." In applying this statute, the judge must determine the total wages earned during the 13-week period and then divide that figure by 13 to reach the AWW. By definition, AWW under subsection (1)(a) is the average earned weekly during the prescribed period. It is not clear from the order below that the judge applied subsection (1)(a) or (1)(d), or some other subsection, of the statute. However, since we must remand for further proceedings to determine claimant's rate and hours, we direct that subsection (1)(a) be applied and that total wages for the 13-week period be first determined and then divided by 13 as prescribed by the statute.
Accordingly, the order below is reversed and the cause remanded for further proceedings including the taking of such additional evidence, if any, as the parties offer or the judge requires in accordance herewith.
NIMMONS and ZEHMER, JJ., concur.
NOTES
[1] At this point, the E/C's attorney asked for the opportunity to bring in the employer's manager to verify wages. Claimant's attorney objected and said claimant's pay stubs would be the best evidence. The E/C's counsel acquiesced and was to be afforded copies of the pertinent pay stubs.
[2] See footnotes 4 and 5, infra, for detail of pay stubs.
[3] There was no evidence as to when this deduction began. In any event, deductions do not affect gross earnings, which is the figure used in computing AWW.
[4] Pay stub for two-week period August 2, 1987 through August 15, 1987:

Hours  71.20 Earnings (gross)  $427.20 $427.20 (earnings) divided by 71.20 hours = $6.00 per hour. 71.20 (hours) divided by two (weeks) = 35.6 hours per week.
Pay stub for two-week period August 16, 1987 through August 29, 1987:
Hours  70.10 Earnings (gross)  $420.60 $420.60 (earnings) divided by 70.10 (hours) = $6.00 per hour. 70.10 (hours) divided by 2 (weeks) = 35.05 hours per week.
[5] Pay stub for two-week period June 5, 1988 through June 18, 1988:

Hours  66.10 Earnings (gross)  $471.29 $471.29 (earnings) divided by 66.10 (hours) = $7.13 per hour. 66.10 (hours) divided by 2 (weeks) = 33.05 hours per week.
[6] Aircraft Services International v. Rucker, 547 So.2d 1039, 1040 (Fla. 1st DCA 1989); International House of Pancakes v. Ellis, 492 So.2d 454, 456 (Fla. 1st DCA 1986):

The only testimony supporting that claim [AWW] is the testimony presented by her [claimant] and by Ms. Carter. The testimony of both of those witnesses was very confusing and contained conflicting statements. Appellee presented no evidence to support her claim of additional tips that would boost her average weekly wage to $200.00 per week and even her testimony as to dollar figures did not support a $200.00 per week computation. Thus, due to the insufficiency of the evidence to support appellee's claim, we reverse and remand for further proceedings consistent with the holdings in this opinion.